# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP) and LEAGUE OF WOMEN VOTERS OF INDIANA | )<br>)<br>)<br>)<br>)<br>) Case No. 1:17-CV-02897-TWP-MPB |
| Plaintiffs, | ) |
| v. | ) |
| CONNIE LAWSON, in her official capacity as Secretary of State for the State of Indiana; J. BRADLEY KING, in his official capacity as Co-Director, Indiana Election Division; ANGELA M. NUSSMEYER, in her official capacity as Co-Director, Indiana Election Division, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**Defendants' Answer and Statement of Affirmative Defenses**

Defendants; Connie Lawson, in her official capacity as Indiana's Secretary of State; the Indiana Election Commission; J. Bradley King, in his official capacity as Co-Director of the Indiana Election Division; and Angela M. Nussmeyer, in her official capacity as Co-Director of the Indiana Election Division (collectively, the "State"); by counsel, file their answer to the Complaint filed in this action by Plaintiffs Indiana State Conference for the Advancement of Colored People (NAACP) and the League of Women Voters of Indiana (collectively, "Plaintiffs"). The State responds to the complaint as follows:

1.  The State denies the allegations in paragraph 1.

2. The National Voter Registration Act ("NVRA") speaks for itself, so no response is required.

3. The NVRA speaks for itself, so no response is required, and the State denies the additional allegations in paragraph 3 because they call for a legal conclusion.

4. The State denies the allegations in paragraph 4.

5. The State is without sufficient information to admit or deny the allegations in paragraph 5.

6. The State is without sufficient information to admit or deny the allegations in paragraph 6 because the allegations are vague.

7. The State is without sufficient information to admit or deny the allegations in paragraph 7.

8. The State denies the allegations in paragraph 8.

9. The State is without sufficient information to admit or deny the allegations in paragraph 9.

10. The State is without sufficient information to admit or deny the allegations in paragraph 10.

11. The State denies the allegations in paragraph 11.

12. The State admits that Connie Lawson is Indiana's Secretary of State. The Secretary of State's role is set forth in the Indiana Code, including Ind. Code § 3-6-3.7-1 and § 3-7-26.3-3, and Indiana Code speaks for itself. The State denies any allegation inconsistent with the Indiana Code.

13. The State admits J. Bradley King and Angela Nussmeyer are Co-Directors of the Indiana Election Division and that they, collectively, are Indiana's NVRA officer. The Co-Directors' and the Division's duties are set forth in the Indiana Code, and the Indiana Code speaks for itself. The State denies any allegations inconsistent with the Indiana Code.

14. The State denies the allegations in paragraph 14.

15. The State admits that the Court has authority to issue declaratory and injunctive relief, but deny that such relief is appropriate in this case.

16. The State admits venue is proper.

17. The cited NVRA provisions speak for themselves, and the State denies the allegations in paragraph 17 because they call for a legal conclusion.

18. The cited NVRA provisions speak for themselves, and the State denies the allegations in paragraph 18 because they call for a legal conclusion.

19. The cited NVRA provisions speak for themselves, and the State denies the allegations in paragraph 19 because they call for a legal conclusion.

20. The cited NVRA provisions speak for themselves, and the State denies the allegations in paragraph 20 because they call for a legal conclusion.

21. The cited NVRA provisions speak for themselves, and the State denies the allegations in paragraph 21 because they call for a legal conclusion.

22. The State admits that Indiana law has provided and provides notice and confirmation procedures under the NVRA. The State denies the other allegations because they call for a legal conclusion.

23. The State denies the allegations in paragraph 23.

24. The cited Indiana Code provisions speak for themselves; the State denies the other allegations in paragraph 24 because they call for a legal conclusion.

25. The State denies the allegations in paragraph 25.

26. The State admits the Governor signed Senate Bill 442 into law on April 13, 2017. The State denies the other allegations.

27. SB 442 speaks for itself, so no response is required.

28. SB 442 speaks for itself, and the State denies the other allegations because they call for a legal conclusion.

29. The State denies the allegations in paragraph 29.

30. The State denies that the PDF that Plaintiffs rely on for the allegations in paragraph 30 reflects "tracked changes" to various versions of SB 442. Thus, as this presumption serves as the premise for allegations in paragraph 30, those allegations are denied.

31. The State denies the allegations because they call for a legal conclusion.

32. The State admits that Ms. Nussmeyer gave a presentation on Voter List Maintenance, and the footnote accurately quotes a slide from the PowerPoint presentation. The other allegations are denied because they are vague.

33. The State denies the allegations in paragraph 33.

34. The State denies the allegations in paragraph 34 because they call for a legal conclusion.

35. The State admits at least 30 states, including Indiana, participate in Crosscheck. The State denies the other allegations.

36. The State denies the allegations in paragraph 36.

37. The State does not have sufficient information to admit or deny the specific allegations from the Rolling Stone article and the article by one of Plaintiffs' attorneys. The State denies the underlying allegation that SB 442 is unlawful.

38. While the State does not have sufficient information to admit or deny the specific allegations from the Rolling Stone article, the State denies the underlying allegation that SB 442 is unlawful.

39. The Crosscheck Participation Guide speaks for itself. The other allegations are stated in the conditional mood, so the State denies the other allegations as speculative and vague.

40. The State denies the allegations in paragraph 40.

41. The State denies the allegations in paragraph 41 because they are, in the main, argumentative and call for a legal conclusion.
42. The State denies the allegations in paragraph 42 because they are, in the main, argumentative and call for a legal conclusions. As to the specific allegations from the Rolling Stone article, the State does not have sufficient information to admit or deny the allegations.
43. The State denies the underlying supposition that SB 442 is unlawful, but is without sufficient information to admit or deny the allegations that are based on an article written by another of Plaintiffs' attorneys.
44. The State is without sufficient information to admit or deny the allegations in paragraph 44.
45. The State denies the allegations in paragraph 45.
46. The State admits that the Indiana Secretary of State received a letter dated May 25, 2017, from Plaintiff NAACP, the Brennan Center for Justice, and Service Employees International Union. That letter speaks for itself. Any allegation as to its compliance with the NVRA notice requirement is denied because it calls for a legal conclusion. The State admits the Secretary of State, through her general counsel, responded. His letter speaks for itself.
47. Mr. Bonnet's letter speaks for itself. Any allegations as to whether Plaintiffs complied with the NVRA notice requirement is denied because it calls for a legal conclusion.
48. The July 20, 2017, letter speaks for itself.

**Count I (Violation of the NVRA, 52 U.S.C. § 20507(d))**

49. The State restates and incorporates its responses from the earlier paragraphs.
50. The State denies the allegations in paragraph 50 because they call for a legal conclusion.

51. The cited provision from the NVRA speaks for itself.

52. The State denies the allegations in paragraph 52.

53. The cited provision from the NVRA speaks for itself.

54. The State denies the allegations in paragraph 54.

55. The State denies the allegations in paragraph 55.

56. The State denies the allegations in paragraph 56.

57. The State denies the allegations in paragraph 57.

58. The State denies the allegations in paragraph 58.

As to Plaintiffs' prayer for relief, the State denies that Plaintiffs are entitled to any relief.

## General Denial

The State denies all allegations that are not specifically denied above.

## Statement of Affirmative Defenses

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs' Complaint is not ripe.

3. Plaintiffs' Complaint against some defendants are barred by sovereign immunity.

4. Plaintiffs cannot establish any discriminatory conduct occurred or will occur as a result of SB 442.

5. Actions performed in accordance with SB 442 do not violate the NVRA.

6. Plaintiffs' allegations are insufficient to state a violation of the NVRA.

7. SB 442 does not deny or abridge any voting right.

8. Plaintiffs failed to provide the notice required by the NVRA.

9. The defendants reserve the right to assert any and all additional affirmative and other defenses that may become applicable based on information learned during discovery or for other appropriate reasons.

        Respectfully Submitted,

        CURTIS T. HILL, JR
        Attorney General of Indiana

By: *s/ Jefferson S. Garn*
     Jefferson S. Garn
     Senior Deputy Attorney General
     Atty. No. 29921-49

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2017, a copy of the foregoing was filed electronically using the Court's CM/ECF system, sending notice to the following party who may access this filing using the Court's system:

Trent A. McCain
Trent@McCain.Law

Myrna Pérez
myrna.perez@nyu.edu

Jonathan Brater
Jonathan.brater@nyu.edu

Sascha N. Rand
Ellyde R. Thompson
Geneva McDaniel
Alexandre J. Tschumi
sascharand@quinnemanuel.com

                            *s/ Jefferson S. Garn*
                            Jefferson S. Garn
                            Senior Deputy Attorney General

Office of the Attorney General
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN   46204
Phone: (317) 234-7119
FAX:   (317) 232-7979
Email:  Jefferson.Garn@atg.in.gov