# Exhibit 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 1:17-cv-3936 ) ) |
| CONNIE LAWSON, in her official capacity as Secretary of State of Indiana, J. BRADLEY KING, in his official capacity as Co-Director of the Indiana Election Division, and ANGELA M. NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**Angela Nussmeyer's Responses to Plaintiff's First Set of Interrogatories**

Defendant Angela Nussmeyer, Co-Director of the Indiana Election Division, by counsel, under Rule 33 of the Federal Rules of Civil Procedure, responds to Plaintiff's First Set of Interrogatories as follows:

**General Statement**

By responding to these Interrogatories, Defendant does not waive her right to object to the use of the following responses at any time, on any ground, in this or any other proceeding. Further, Defendants have not completed preparation for trial. Thus, these responses are limited to the information known to Defendant at this time and do not constitute a waiver of Defendants' right to introduce additional evidence at trial. Defendant reserves the right to supplement or amend these responses in the event further information is obtained and to supplement or amend these responses based on information that may be obtained during the pendency of this case.

**General Objections Applicable to All Interrogatories**

1

Defendant objects to each Interrogatory to the extent it seeks information protected from disclosure by the deliberative process privilege, the attorney/client privilege, attorney work product doctrine, and/or any other applicable privilege. Unless expressly indicated otherwise, the provision of any such protected information shall be deemed inadvertent and shall not be construed to constitute a waiver, limited or otherwise, of any applicable privilege or protection.

2. Defendant objects to each Interrogatory to the extent it seeks information prepared or obtained by Defendant, Defendant's attorneys, or Defendant's representatives in anticipation of litigation or in preparation for trial.

3. Defendant objects to each Interrogatory to the extent each seeks information which might disclose the mental impressions, conclusions, opinions, or legal theories of Defendant, Defendant's attorneys, or Defendant's representatives.

4. Defendant objects to each Interrogatory to the extent each seeks information not within the knowledge, custody, possession, or control of Defendant.

5. Defendant objects to each Interrogatory to the extent each seeks information which is neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to each Interrogatory to the extent each is vague, ambiguous, overly broad, argumentative, without reasonable particularity, and not reasonably limited in time, place or scope.

7. Defendant objects to each Interrogatory to the extent each seeks information which is as readily available to Plaintiffs as it is to the Defendant, information which has already been produced or information otherwise in the possession of Plaintiffs.

8. Defendant objects to each Interrogatory to the extent each seeks information which is unavailable to Defendant after reasonable inquiry or information for which inquiry would be unduly burdensome.

9. Defendant objects to each Interrogatory to the extent that Plaintiffs purport to impose obligations which are greater than or inconsistent with the obligations specified under the Federal Rules of Civil Procedure, applicable local rules, Court orders herein, and applicable case law.

10. Inadvertent disclosure, if any, of information subject to any privilege or protection, including without limitation, the attorney-client privilege or work product doctrine, shall not constitute waiver of any such privilege.

11. Defendant has not completed their investigation related to this action, and have not completed preparation for this trial. Consequently, these responses are limited to the documents and information known to Defendant at this time.

## INTERROGATORIES

1. Please state the name of all persons, aside from counsel for Defendants, who have answered or assisted with the answering of these Interrogatories.

    **RESPONSE:**

    Angela Nussmeyer

2. Please state the number of Indiana voter registrations that, based on information received through Crosscheck or any other source described in Indiana Code § 3-7-38.2-5(b), (c),

and (d), have a first name, last name, and date of birth that matches the first name, last name, and date of birth of a voter registered in another state. Please provide this number by year for each year from 2015 through the present and broken down each year by source of our-of-state voter registration information.

**RESPONSE:**

Defendants object to this Interrogatory to the extent it seeks information which is unduly burdensome. The data requested will be provided under FRCP 33(d).

3. Please state the number of Indiana voter registrations that have been and/or will be forwarded to county voter registration offices pursuant to the procedures described in the July 2017 Letter pursuant to Indiana Code § 3-7-38.2-5(d) as amended by SEA 442, from July 1, 2017 to the present.

**RESPONSE:**

Defendants object to this interrogatory because it is vague, ambiguous, overly broad, and without particularity. The data requested will be provided under FRCP 33(d).

4. Please describe any and all circumstances that the state considers cancellation "at the request of the registrant" pursuant to 52 U.S.C. § 20507(a)(3)(a).

**RESPONSE:**

Defendants object to this interrogatory for the reason it seeks information protected from disclosure by the deliberative process privilege, the attorney/client privilege, and attorney work product doctrine. Defendants also object to this interrogatory because it is vague, ambiguous, overly broad, and without particularity. Defendants are unclear was to what is

4

referred to in the interrogatory by the word "state."

Angela Nussmeyer cannot respond for the State, but the following non-exhaustive list are circumstances where cancellation is made at the request of the registrant:

- A voter registration document signed by the voter that contains the statement that the voter requests all previous voter registrations cancelled.

- A voter submits a signed, written document requesting the voter registration official, in the Indiana county where the voter is registered to vote in, cancels his or her voter registration under Indiana Code 3-7-43.

- A voter returns a voter list maintenance voter response card to his or her county voter registrations official that is signed by the voter and indicates on the card he or she has moved from the residence address listed in the voter registration record to a different residence address outside the county and wants to have his or her voter registration in the county cancelled.

I AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE ABOVE ANSWERS ARE TRUE AND ACCURATE

Date  1·26·18

*(signature)*
Angela Nussmeyer
Co-Director, Indiana Election Division

As to objections:

Respectfully submitted,

CURTIS T. HILL, Jr.
Attorney General of Indiana
Atty. No. 13999-20

By: _____

Jefferson A. Garn
Section Chief, Administrative and
Regulatory Enforcement Litigation
Attorney No. 29921-49

## **CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing has been duly served upon counsel, by electronic mail, on January 26, 2018.

*[signature]*

Jefferson A. Garn
Section Chief, Administrative and
Regulatory Enforcement Litigation

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 234-7119 (Garn)
Fax:    (317) 232-7979
E-mail: Jefferson.Garn@atg.in.gov

6