# Exhibit 16



# 2017 Indiana Election Legislation Summary

*Prepared by the Indiana Election Division*

This document summarizes the election-related legislation that passed the Indiana General Assembly and became law in 2017. Bills may be obtained by contacting the Legislative Information Center at 200 West Washington Street, Room 230, Indianapolis, Indiana 46204-2731; (317) 232-9856, or by downloading documents from the General Assembly's website at www.iga.in.gov.

This document is intended to serve as an overview of information concerning Indiana election laws. Although the Election Division takes every effort to ensure the accuracy of the information in this document, where your legal rights are involved, <u>do not</u> rely on this document. Instead, review the law yourself or consult with your attorney.

**The 2017 Regular Session of the Indiana General Assembly enacted the following election-related bills:**

Public Law 21-2017 (House Enrolled Act 1272): Publication of Notice
Public Law 69-2017 (Senate Enrolled Act 400): Residence of Attorney General
Public Law 71-2017 (Senate Enrolled Act 417): Absentee Ballot Applications with use of Electronic Poll Books for In-Person Absentee Voting
Public Law 74-2017 (Senate Enrolled Act 442): Miscellaneous Election Law Changes
Public Law 84-2017 (House Enrolled Act 1178): Voter Registration at the BMV
Public Law 193-2017 (House Enrolled Act 1395): Appointed Boards and Commissions
Public Law 201-2017 (House Enrolled Act 1521): Miscellaneous Election Law Changes
Public Law 209-2017 (Senate Enrolled Act 222): Constitutional Amendment Ballot Language
Public Law 211-2017 (Senate Enrolled Act 348): Political Signs
Public Law 219-2017 (House Enrolled Act 1005): Superintendent of Public Instruction
Public Law 234-2017 (Senate Enrolled Act 425): Low Level Offenses
Public Law 245-2017 (House Enrolled Act 1036): Selection of Marion County Superior Court Judges
Public Law 246-2017 (House Enrolled Act 1043): Controlled Projects and Tax Levy Referendums
Public Law 262-2017 (Senate Enrolled Act 220): Precinct Consolidation in Lake County
Public Law 271-2017 (Senate Joint Resolution 7): Balanced Budget Constitutional Amendment

**The following bills made technical or non-election related amendments to election statutes:**

Public Law 85-2017 (House Enrolled Act 1181): Technical Corrections
Public Law 128-2017 (Senate Enrolled Act 539): Administration of Oath

# VOTER REGISTRATION

## Close of Registration in Municipal Elections

Voter registration prior to a municipal primary or municipal election ceases twenty-nine (29) days before the election or resumes fourteen days (14) after the election only for those precincts where the municipal primary or municipal election is conducted.

(SEA 442 § 14; Effective date: July 1, 2017; Citation affected: IC 3-7-13-10)

## Interstate Crosscheck Program

The interstate crosscheck program is modified with respect to processing matches received by a county. Under prior law, if a county determines that there is a match between an Indiana voter registration record and the voter registration record of another state participating in the program and the county makes a determination that the record indicates the individual registered in another state following the date of the Indiana registration, the county was required to send the voter an address confirmation mailing (Interstate Mailer) and follow up with the steps required under state and federal law following an address confirmation mailing.

This state law is modified to permit a county to cancel the Indiana registration record when the county determines that there is 1) a match between an Indiana voter registration record and the voter registration record of another state participating in the program and 2) a determination is made that the record indicates the individual registered in another state following the date of the Indiana registration.

(SEA 442 § 15; Effective date: July 1, 2017; Citation affected: IC 3-7-32.8-5)

## Statewide Mailing Program

The statewide mailing program to all active voters will be conducted during odd-numbered years. The next statewide mailing will occur in 2019.

The current law requiring a county voter registration office to process voter list maintenance mailing responses from voters to update or cancel voter registration records after registration reopens is repealed. Instead, a county voter registration office is not required to wait until registration reopens to process updates or cancellation requests made by the voter on voter list maintenance mailing responses received before the election. However, current state and federal law prohibits a county voter registration official from marking a voter's record inactive in the statewide voter registration system 90-days before a general, municipal, primary, or special election.

(HEA 1521 §§ 4 and 5; Effective date: July 1, 2017; Citations affected: IC 3-7-32.8-16, IC 3-7-38.2-16.1[New])
(SEA 442 § 16; Effective date: July 1, 2017; Citation affected: IC 3-7-38.2-17)

<u>New Voter Registration Application as Authorization to Cancel Prior Registrations</u>

A voter registered in one county who submits a registration application in another county authorizes the cancellation of a registration in each county of previous residence listed on the form. The requirement that the voter specifically sign an authorization to cancel the previous registration is repealed.

(SEA 442 § 17; Effective date: July 1, 2017; Citation affected: IC 3-7-39-6)

<u>Quarterly Reports from County Sheriff</u>

Each county sheriff must submit a quarterly report to the county voter registration office on a form prescribed by the Indiana Election Division that contains a list of persons who are Indiana residents that have been convicted of a crime and placed in a county correctional facility after the last date the sheriff prepared a report. The report must specify the following with respect to each person listed in the report:

1) Whether or not the person remains in lawful custody in a county correctional facility as of the date of the report.
2) If the person remains in lawful custody, the date that the person is scheduled to be released from the county correctional facility.

Under prior law, there was no standardized format for these reports from the county sheriff.

(SEA 442 § 18; Effective date: July 1, 2017; Citation affected: IC 3-7-46-6)

<u>Updating Voter Registrations after Election</u>

State law is clarified to specify that certain fail-safe affidavits, VRG-15 (voting for president and vice president only) and VRG-4/12 (voting when a voter moves within the same county and same congressional district) shall be used to update voter registration records following an election.

(SEA 442 § 33; Effective date: July 1, 2017; Citation affected: IC 3-10-1-31.1)

<u>Recording Vote History in a Primary</u>

If only one party is holding a primary and there is not a public question (referendum) on the ballot and the poll book nonetheless indicates the voter voted a ballot of the party not holding a primary or a nonpartisan (NP) ballot, then the voting history for that voter shall be recorded to indicate that the voter cast a ballot for the only party holding the primary.

(SEA 442 § 34; Effective date: July 1, 2017; Citation affected: IC 3-10-1-31.3)

## Voter Registration Forms Provided by BMV

Beginning January 1, 2018, when an individual transacts business with a BMV license branch, *other than for a motor vehicle driver's license, permit, or identification card*, the license branch employee assisting the individual shall ask the individual whether the individual wants to register to vote or change the individual's voter registration record. If the individual indicates to the license branch employee that the individual wants to register to vote or change the individual's voter registration record, the license branch employee shall provide the individual with the appropriate paper voter registration form to register to vote or to change the individual's voter registration record. If the license branch employee provides the individual with a paper voter registration application form, the individual is responsible for filing the form with the appropriate county voter registration office in order to register to vote or to change the individual's registration record.

BMV customers engaging in a credential transaction (i.e. motor vehicle driver's license, permit, or identification card) will continue to be asked by BMV staff if the individual wishes to register to vote. Upon completing the transaction, county voter registration officials will receive direct notification from the BMV.

(HEA 1178 § 1; Effective date: January 1, 2018; Citation affected: IC 9-14.1-4-2)


# ABSENTEE VOTING

## Absentee Ballot Applications

An absentee ballot application for the primary election in 2018, and every four (4) years thereafter, may not be received for filing by the circuit court clerk or the Lake and Tippecanoe County boards of elections and registration earlier than December 1 of the year prior to the primary election.

(HEA 1521 § 27 and 28; Effective date: July 1, 2017; Citations affected: IC 3-11-4-3, IC 3-11-4-6)

## Absentee Ballot Application Forms No Longer Grandfathered

The state law authorizing the use of absentee ballot application forms approved for use on June 30, 2013, was repealed. As a result, those absentee ballot application forms are no longer "grandfathered."

(SEA 442 § 47; Effective date: July 1, 2017; Citation affected: IC 3-11-4-5.1)

<u>Appointment of Absentee Voter Boards in Central Count Counties</u>

The deadline to notify county chairmen of the number of absentee voter boards, absentee ballot counters, and absentee ballot couriers is noon, fifty (50) days before the election. County chairmen shall make written recommendations for these positions no later than noon, forty-six (46) days before the election. These deadlines are now consistent with those established in current law for counties that count absentee ballots at the polls.

(SEA 442 § 56; Effective date: July 1, 2017; Citation affected: IC 3-11.5-4-23)

<u>In-Person Absentee Voting with Electronic Poll Book: Absentee Ballot Applications</u>

In a county that uses electronic poll books for in-person absentee voting *on an electronic voting system*, a voter must sign the poll book and present a valid Photo ID but is not required to complete an absentee ballot application if the county adopts one of the following procedures to ensure an invalid absentee ballot is not counted:

1) Require each voter to make and subscribe to an affidavit prescribed by the county voter registration office that includes a unique identifier.
2) Establish a procedure to produce a document, label, or electronic record that is associated with each voter that includes a unique identifier.

To assist the state recount commission in conducting any recount in the county, the county election board must first file a copy of either the affidavit or a description of the procedure described in paragraph 1 and 2 above before using the affidavit or procedure in an election.

In a county that uses electronic poll books for in-person absentee voting on *an optical scan voting system*, a voter is required to sign the poll book and present Photo ID but is not required to complete an absentee ballot application. However, the voter must sign the prescribed absentee ballot envelope (ABS-7) that contains the voter's completed optical scan ballot card.

(SEA 417 §1; Effective date: July 1, 2017; Citation affected: IC 3-11-10-26)

<u>Absentee Ballot Counters and Couriers in Central Count Counties</u>

A 16- or 17-year old individual who is not a voter of the county may be appointed as an absentee ballot counter or courier in a county that counts ballots at a central location if the individual meets the qualifications set forth in state law for the appointment of a 16- or 17-year old poll worker who is not a voter of the county (IC 3-6-6-39) and the appointment of that individual is approved by unanimous vote of the entire membership of the county election board. A 16- or 17-year old individual appointed as an absentee ballot counter or courier is not required to obtain an employment certificate or subject to the employment time and duration limits that apply to other workers under 18-years of age.

(HEA 1521 § 33; Effective date: July 1, 2017; Citation affected: IC 3-11.5-4-23)

## VOTING QUALIFICATIONS AND VOTING PROCEDURES

### Fail-Safe Affidavit

State law specifies that the "written affirmation" made by a voter to exercise the fail-safe procedure for a voter who moves within the same county and same congressional district is required to be on the affidavit prescribed by the Indiana Election Division (currently the VRG 4/12).

(SEA 442 § 44; Effective date: July 1, 2017; Citation affected: IC 3-10-12-3.4)

### Designation of Poll Worker Who Will Identify Voters at Close of Polls

The county election board shall designate the individual poll worker responsible for determining the voters in line at the close of polls by writing down names of voters, stamping the hands of voters, or standing, or designating another individual to stand, behind the last voter eligible to vote (the circuit court clerk formerly made the designation).

(SEA 442 § 50; Effective date: July 1, 2017; Citation affected: IC 3-11-8-11)

### Marking "Address Unchanged" on Electronic Poll Book

In a county using electronic poll books, the poll clerk shall check the "Address Unchanged" box on the electronic poll book if the voter orally affirms to the clerk that that voter's address on the electronic poll book is the voter's current address.

(SEA 442 § 51; Effective date: July 1, 2017; Citation affected: IC 3-11-8-25.1)

## BALLOTS, VOTING SYSTEMS AND ELECTRONIC POLL BOOKS AND LISTS

### Ballot Order for School Board Candidates

Whenever the ballot includes candidates for both at-large and district school board seats, the candidates seeking election as a member representing a district shall be placed on the ballot before candidates seeking election at-large.

(SEA 442 § 46; Effective date: July 1, 2017; Citation affected: IC 3-11-2-12.2)

### Voting Systems Fund for Purchase of Electronic Poll Books

A county may establish a cumulative fund for the purchase of electronic poll books as well as for the purchase of voting systems.

(SEA 442 § 48; Effective date: July 1, 2017; Citation affected: IC 3-11-6-1)

## Public Test of Optical Scan Voting System

The public test of a county's optical scan voting system must begin before in-person absentee voting starts in the office of the clerk.

The county election board must randomly select at least ten percent (10%) of the automatic tabulating machines that will be used in the election for testing to ascertain that the machines will correctly count the votes cast for all candidates and on all public questions. If an individual attending the public test requests that additional automatic tabulating machines be tested, then the county election board shall randomly select and test additional machines up to a maximum of fifteen percent (15%) of the machines that will be used in the election.

(SEA 442 § 52; Effective date: July 1, 2017; Citation affected: IC 3-11-13-22)

## Counting Votes Cast for Successor Candidates

The state law that provides that a straight party vote is considered a vote for a candidate who succeeds a candidate who was on the ballot at the time the vote was cast but subsequently removed is made inapplicable to candidates for at-large offices for county council, city common council, town council, or township board since you may no longer cast a straight party vote for these offices.

(SEA 442 § 57; Effective date: July 1, 2017; Citation affected: IC 3-12-1-15)

## CANDIDATES AND OFFICEHOLDERS

### State Law Regarding Attorney General Residence

The requirement that the attorney general reside in Indianapolis is repealed. Instead, the attorney general must reside in Indiana.

(SEA 400 § 1; Effective date: July 1, 2017; Citation affected: IC 4-6-2-3)

### Superintendent of Public Instruction

The Office of the State Superintendent of Public Instruction is abolished effective January 10, 2025. The last election for the office will be held in 2020. After January 10, 2025, the Governor shall appoint a Secretary of Education. Residency, education, and experience qualifications for the Secretary of Education are established.

(HEA 1005 §§ 1-17; Effective date: July 1, 2017; Citations affected: IC 3-5-2-48, IC 3-8-1-10.5[repealed], IC 3-8-1-33, IC 3-8-4-2, IC 3-10-2-6, IC 3-11-2-12, IC 4-1-6-1, IC 4-2-1-1.5, IC  4-2-6-8, IC 4-3-6-2, IC 4-12-1-13, IC 4-15-2.2-1, IC 5-14-3-3.5, IC 20-18-2-20, IC 20-19-1-1, IC 20-19-1-1.1[New], noncode)

### Disqualification of Candidate because of Felony Conviction

State law that disqualifies an individual from assuming or being a candidate for elected office (except federal office) based upon a felony conviction is clarified to provide that a person's plea of guilty or nolo contendere that is not accepted and entered by the trial court does not disqualify the person from assuming or being a candidate for elected office.

(SEA 442 § 20; Effective date: July 1, 2017; Citation affected: IC 3-8-1-5)

### Content of Declarations of Candidacy:  "Ward" Requirement

Candidates are only required to indicate the specific ward where they reside on their write-in declaration, primary declaration, or declaration as a small town convention candidate "if applicable" in recognition of the fact that many candidates do not live in "wards." A declaration of candidacy is not invalid if no ward information is supplied in cases where the information does not apply.

(SEA 442 §§ 21, 22, 26; Effective date: July 1, 2017; Citations affected: IC 3-8-2-2.5, IC 3-8-2-7, IC 3-8-5-10.5)

Major Party Ballot Vacancy Caucus

The county chairman of a major party entitled to call a caucus to fill a ballot vacancy is not required to call a caucus and may appoint a candidate to fill the ballot vacancy if there are fewer than *two* precinct committeemen eligible to participate in the caucus. Previously, the county chairman could only make the appointment if there were *no* precinct committeemen eligible to participate in a caucus.

(SEA 442 § 62; Effective date: July 1, 2017; Citation affected: IC 3-13-1-13)

Small Town Candidate Nominations

The legislative body in a small town (a town with a population of less than 3,500) may adopt an ordinance establishing that a *major party* (Democratic and Republican Party) candidate may be nominated in a primary rather than at a town convention (previously state law did not clearly specify that this provision applied only to major party candidates).

(SEA 442 § 25; Effective date: July 1, 2017; Citation affected: IC 3-8-5-2)

Content of Declaration of Candidacy for Small Town Convention Candidate: "Party Affiliation" Requirement

The same party affiliation requirement applicable to a primary declaration of candidacy now applies to a declaration of candidacy as a town convention candidate who claims affiliation with a major party. The declaration must inform the candidate how party affiliation is determined and permit the candidate to indicate their party affiliation in one of two ways:

1) The most recent primary election in Indiana in which the candidate voted was a primary election held by the party with which the candidate claims affiliation; or
2) The county chairman of the county where the candidate resides, and of the political party with which the candidate claims affiliation, certifies in writing that the candidate is a member of the political party.

If a candidate claims party affiliation based on a county chairman's certification, the candidate must attach the written certification of the county chairman to the candidate's declaration.

(SEA 442 § 26; Effective date: July 1, 2017; Citation affected: IC 3-8-5-10.5)

Small Town Convention Voting for At-Large Council Seats

When more than one candidate may be nominated to an at-large town council seat at a town convention, the candidates who receive the highest number of votes at the convention, up to the total number to be elected in the November town election, are considered the nominees of the convention for the town council seats in the November town election.

(SEA 442 § 27; Effective date: July 1, 2017; Citation affected: IC 3-8-5-12)

## Write-In Declaration

In addition to indicating prior candidacy for state and local offices, write-in candidates will also be required to indicate a prior candidacy for "legislative" office on their declaration of candidacy. This change will be reflected on the declaration of candidacy for write-in candidates in 2018.

(SEA 442 § 21; Effective date: July 1, 2017; Citation affected: IC 3-8-2-2.5)

## Independent or Minor Party Petitions and Statement of Economic Interest

In a county with a separate board of registration, an independent or minor party (other than the Libertarian Party) petition candidate is not required to file the candidate's consent with the board of registration when the candidate files petitions for the certification of petition of signatures. Instead, in a county with a separate board of registration, the candidate is only required to file the candidate's consent when the candidate files the *certified* petitions with the circuit court clerk not later than noon, July 15 (petitions must be filed with a county voter registration office for certification of petition signatures by noon, June 30).

A candidate's statement of economic interest must be filed with the independent or minor party candidate's petitions only after the county voter registration office has certified the validity of petition signatures.

(SEA 442 §§ 28, 29, 31; Effective date: July 1, 2017; Citations affected: IC 3-8-6-10, IC 3-8-6-12, 3-8-9-5)

## School Board Statement of Economic Interest

The candidate's statement of economic interest must be filed with the candidate's petitions only after the county voter registration office has certified the validity of petition signatures.

(SEA 442 § 31; Effective date: July 1, 2017; Citation affected: IC 3-8-9-5)

## School Board Petitions; Notification of Candidate In-Person

If a circuit court clerk denies the certification of a school board petition of nomination filed in person by a candidate for school board, the clerk may notify the candidate of the denial verbally if the candidate filed the petition of nomination in person. The clerk also has the option under current law of notifying the candidate by certified mail.

(HEA 1521 § 9; Effective date: July 1, 2017; Citation affected: IC 3-8-2.5-6)

## Libertarian Party Certificate of Selection to Fill Ballot Vacancy

The election division, a circuit court clerk, or any other official responsible for receiving a certificate of candidate selection, may not accept a certificate of candidate selection to fill a ballot vacancy filed by the Libertarian Party if a notice of intent to fill the ballot vacancy is or was offered to be filed after the deadline for the filing provided, or was not offered for filing at or before the deadline for the filing. The deadline for filing a notice of intent to fill the vacancy is noon, ten (10) days before the state party chairman fills the ballot vacancy.

(SEA 442 § 65; Effective date: July 1, 2017; Citation affected: IC 3-13-1-21)

## Notice of Caucus to Fill an Office Vacancy

Except in the case of a written resignation filed by an officeholder as required by state law, a county chairman may not send a notice of caucus to fill an office vacancy to eligible precinct committeemen until the vacancy has actually occurred. For example, a county chairman may not call a caucus to fill an office vacancy in anticipation that a current officeholder will resign or be elected to another office in the future.

(SEA 442 § 67; Effective date: July 1, 2017; Citation affected: IC 3-13-11-3)

## Secret Ballot at Caucus to fill an Office Vacancy

The caucus members at a caucus to fill an office vacancy are required to cast a secret ballot only if more than one (1) person seeks to fill the office vacancy.  If only one (1) person is a candidate in the caucus then a secret ballot is not required.

(SEA 442 § 68; Effective date: July 1, 2017; Citation affected: IC 3-13-11-10)

## Temporary Leave of Absence from Office for Military Service

A temporary appointment to fill an office vacancy in a state, legislative, local, or school board office, because the officeholder opts to take a temporary leave of absence from office due to being called to active duty in the armed forces of the United States or the national guard, may be made after the officeholder has filed the written notice to take the temporary leave as required by state law.

(SEA 442 § 69; Effective date: July 1, 2017; Citation affected: IC 5-9-4-8)

## Superior Court Judge Retention in Lake and St. Joseph County

Superior court judges subject to a retention vote in either Lake County or St. Joseph County must file a statement with the secretary of state, not later than noon, July 15 of the year in which the question of retention of the judge is to be placed on the general election ballot. The statement must indicate that the judge wishes to have the question of the judge's retention placed on the ballot, and state how the judge wishes the judge's name to appear on the ballot consistent with state law. If a judge fails to file the statement as required, then the question of the judge's retention shall not be placed on the ballot and the judge's term ends December 31 of the year the judge is subject to a retention vote.

(SEA 442 §§ 74, 75, 76, 77; Effective date: July 1, 2017; Citations affected: IC 33-33-45-41, IC 33-33-45-42, 33-33-71-42, 33-33-71-43)

## Presidential Electors

A vote for a ticket of candidates for President of the United States and Vice-President of the United States is a vote for that ticket's slate of presidential electors and alternate presidential electors. An alternate presidential elector is associated with a presidential elector and shall fill a vacancy in the office of the associated presidential elector if available.

At the time of the nomination or the certification of a nominee for presidential elector or alternate presidential elector, the presidential elector or alternate presidential elector must file a pledge to vote for the presidential elector's or alternate presidential elector's nominees for President of the United States and Vice-President of the United States on whose behalf the presidential elector or alternate presidential elector is nominated. At the December post-general election meeting of electors, a presidential elector who refuses to cast a ballot or attempts to cast a ballot inconsistent with the presidential elector's pledge vacates the office of elector.

If a candidate for President of the United States or Vice-President of the United States resigns or dies before the meeting of electors, the pledge of a presidential elector transfers to the successor candidate for that office nominated by the political party in accordance with the party's rules.

If a vacancy occurs for any reason in the office of presidential elector before the end of the meeting of presidential electors, and the vacancy is filled as provided in state law, the governor shall submit an amended certificate of ascertainment stating the names of the final list of Indiana's presidential electors to the same entities and individuals that were provided the original certificate of ascertainment.

(HEA 1521 §§ 1, 7, 8,10-26, 29, 30, 34-38; Effective date: July 1, 2017; Citations affected: IC 3-5-2-40.3[New], IC 3-8-1-6, IC 3-8-2-2.5, IC 3-8-4-2, IC 3-10-2-3, IC 3-10-4-1, IC 3-10-4-1.5[New], IC 3-10-4-1.7[New], IC 3-10-4-3, IC 3-10-4-4, IC 3-10-4-5, IC 3-10-4-6.5[New], IC 3-10-4-7, IC 3-10-4-8, IC 3-10-4-9, IC 3-10-4-11[New], IC 3-10-7-2.9, IC 3-10-10-2, IC  3-10-10-6, IC 3-11-3-29.5, IC 3-11-7-4, IC 3-11-7.5-10, IC 3-11.5-5-14, IC 3-11.7-5-15, IC 3-12-2-7.5, IC 3-12-5-7, IC 3-12-11-19)

## Selection of Marion County Superior Court Judges

Each Marion County Superior Court judge shall be selected by appointment subject to a retention election following appointment. Each judge of the court serves a term of six (6) years or until the judge's successor is appointed and qualified. A judge shall be appointed at-large and not as the judge of a particular room or division of the court.

The thirty-six (36) judges of the court shall be divided into two (2) retention classes. There shall be twenty (20) judges in class "A" whose terms expire on December 31, 2018, and sixteen (16) judges in class "B" whose terms expire on December 31, 2020. A newly appointed judge is assigned to the retention class of the judge's predecessor.

A fourteen (14) member Marion County judicial selection committee (committee) is established. When a vacancy in the office of Marion County Superior Court judge occurs, the committee follows certain procedures that conclude in the committee sending the names of three (3) nominees to the governor.

Within 60 days of the committee sending the names to the governor, the governor shall appoint one of the nominees provided by the committee to fill the vacancy. The chairperson of the committee shall make the appointment if the governor does not appoint a nominee within 60 days.

In a year in which a judge's term expires, a judge who wishes to be retained in office shall file a statement with the circuit court clerk and secretary of state during the period described in IC 3-8-2-4 to file a declaration of candidacy in a primary. The judge's statement must indicate that the judge wishes to have the judge's retention question placed on the ballot, identify the name the judge wants to appear on the ballot and that the name is permitted under IC 3-5-7, identify the  judge's political party affiliation, if any, as determined in state law (IC 3-8-2-7). The judge may indicate in the statement that the judge is not affiliated with a political party.

The statement must also include a request that the name on the judge's voter registration record be the same as the name the judge used in the statement. If there is a difference between the name on the judge's statement and the name on the judge's voter registration record, the county voter registration office shall change the name on the judge's voter registration record to be the same as the name on the judge's statement.

A judge filing a statement to place the question of the judge's retention on the ballot must also notify the committee and provide certain materials to the committee. The committee shall consider the judge's qualifications and issue a recommendation on whether or not the judge should be retained in office. The recommendation shall be provided to the news media and posted on the website of the Indiana Supreme Court.

If a judge does not file a statement to have the judge's retention question placed on the ballot with both the clerk and the secretary of state, the clerk shall, not later than March 1, notify the committee in writing that the judge does not wish to continue in office after the end of the judge's term of office and the judge's term expires December 31 of the year in which the question of the retention of the judge would have been placed on the ballot

A judge's retention question shall be placed on the ballot at the same row or column level at which the question of other judges is placed but in a column or row in which independent candidates are placed on the ballot. If the question of the retention of more than one (1) judge is placed on a ballot, the judges shall be placed on the ballot in alphabetical order according to surname. The judge's retention shall be placed on the general election ballot in the form prescribed by IC 3-11-2 and the form of the retention question must be as follows: "Shall Judge (insert here the name of the judge indicated in the judge's statement) be retained in office?"

If a majority of the ballots cast by the electors voting on the retention question is "Yes", the judge shall is approved for another six (6) year term beginning January 1 following the election. If a majority of the ballots cast by the electors voting on the question is "No", the judge is not retained and the office occupied by the judge becomes vacant on January 1 following the election.

(HEA 1036 §§ 1-12; Effective date: April 28, 2017; Citations affected: IC 3-10-1-16, IC 3-11-2-10, IC 3-11-2-10.1[New], IC 3-13-6-1, IC 33-23-11-2, IC 33-33-49-6, IC 33-33-49-13[repealed], IC 33-33-49-13.1[New], IC 33-33-49-13.2[New], IC 33-33-49-13.3[New], IC 33-33-49-13.4[New], IC 33-33-49-13.7[New])

<u>Appointments to Local Boards</u>

Whenever a state law or a political subdivision's resolution requires that an appointment to an administration, an agency, an authority, a board, a bureau, a commission, a committee, a council, a department, a division, an institution, an office, a service, or another similarly designated body of a political subdivision (collectively "board") depends upon the political affiliation of the appointee, or that the membership of a board not exceed a stated number of members from the same political party, the political party affiliation of the potential appointee is determined by the party ballot the potential appointee voted in the last primary election in Indiana in which the potential employee voted. If the potential appointee has never voted in a primary election in Indiana then the potential appointee's party affiliation may be established by the certification made by the county chairman of the political party where the potential appointee resides and with which the potential appointee is affiliated.

If the political party affiliation of a potential appointee is established by the certification of the political party county chairman, the certification must be filed with the circuit court clerk not later than the time the oath of office of the appointee is filed with the clerk or the appointment is void.

If after the expiration of the term of an appointed member of a local board the vacancy is not filled by the appointing authority within ninety (90) days after the expiration of the term, the county chairman of the political party of the member whose term expired shall make the appointment.

(HEA 1395 §§ 2 and 3; Effective date: July 1, 2017; Citations affected: IC 33-33-71-69, IC 36-1-8-10)


## POLLING PLACES, POLL WORKERS AND PARTISAN WORKERS

<u>Partisan Workers in Polls with Multiple Precincts and Vote Centers</u>

Since voters from all precincts in a vote center county may vote at any vote center established in the county, and other counties may provide that more than one precinct may vote at the same polling place using the same precinct election board ("combined polling place"), state law was clarified with respect to the number of challengers, pollbook holders, and watchers permitted in a vote center or combined polling place.

If more than one precinct votes at the same polling place using the same precinct election board then each political party or independent candidate that has a candidate on the ballot at the polling place, and each political action committee supporting or opposing a referendum that is entitled to have a challenger or pollbook holder, may have one challenger and one poll book holder for each

precinct voting at the combined polling place. In a vote center county, each political party or independent candidate that has a candidate on the ballot, and each political action committee entitled to have a challenger or pollbook holder on a referendum, may have one challenger and one poll book holder for each electronic poll book station at the vote center or the number of poll book stations specified in the county's vote center plan, whichever is greater.

If more than one precinct votes at the same polling place using the same precinct election board then each political party, each independent candidate for federal or statewide office, and a political action committee supporting or opposing a referendum that is entitled to have a watcher, may have one watcher for each precinct voting at the combined polling place. In a vote center county, each political party, each independent candidate for federal or statewide office, and a political action committee supporting or opposing a referendum that is entitled to have a watcher, may each appoint one watcher for each electronic poll book station or the number of poll book stations specified in the county's vote center plan, whichever is greater.

Under current law, twenty-six percent (26%) or more of all candidates of a political party for nomination to an elected office, and twenty-six percent (26%) of candidates of a political party for election as precinct committeemen, are entitled to sign and submit a written statement requesting the appointment of watchers during a primary. In addition, a school board candidate or a group or school board candidates are entitled to sign and submit a written statement requesting the appointment of watchers for a school board election. If more than one precinct votes at the same polling place using the same precinct election board, a candidate or group of candidates in these situations may appoint one watcher for each precinct at the polling place. In a vote center county, a candidate or group of candidates in these situations may have one watcher for each for each electronic poll book station or the number of poll book stations specified in the county's vote center plan, whichever is greater.

If more than one precinct votes at the same polling place using the same precinct election board, media entitled to the appointment of watchers may have one watcher for each precinct. In a vote center county, media entitled to the appointment of watchers may have one watcher for each for each electronic poll book station or the number of poll book stations specified in the county's vote center plan, whichever is greater.

(SEA 442 §§ 10-13; Effective date: July 1, 2017; Citations affected: IC 3-6-7-1, IC 3-6-8-1, IC 3-6-9-12, 3-6-10-1)

<u>Minor Children in the Polls</u>

State law is clarified to specify that a voter who is a parent, grandparent, or other person caring for a minor child may take the child into the voting booth when voting at the polls on either an optical

scan ballot card or electronic voting system. (Former law only contained this provision regarding a precinct where traditional hand-counted paper ballots are used.)

(SEA 442 § 53 and 54; Effective date: July 1, 2017; Citations affected: IC 3-11-13-31.5, IC 3-11-14-24)


# PRECINCTS AND ELECTION DISTRICTS

## Changes to Election Districts Do Not Change Precinct Boundaries

A precinct boundary does not change automatically whenever a city or town annexes or disannexes territory or when any political subdivision changes the boundaries its election districts (city or county council district changes, for example). A change in a precinct boundary can only be initiated by the county executive (county commissioners in most counties) pursuant to the procedures set forth in IC 3-11-1.5.

(SEA 442 § 45; Effective date: July 1, 2017; Citation affected: IC 3-11-1.5-32.7)

## Precinct Consolidation in Lake County

A small precinct committee is established in Lake County consisting of the director and assistant director of the Lake County Board of Elections and Registration (board) and other employees of the board if approved by the unanimous vote of the entire membership of the board provided that a partisan balance is maintained.

The committee shall determine the following:

1) Precincts in the county that had fewer than six hundred (600) active voters (as defined in IC 3-11-18.1-2) as of November 1, 2016.
2) Whether compliance with the precinct boundary standards set forth in section IC 3-11-1.5-4 or IC 3-11-1.5-5 would prevent the combination of a precinct described in paragraph 1 above with one or more adjoining precincts.
3) The potential savings in the administration of elections resulting from the combination of precincts described above.

The committee shall establish a proposed plan to consolidate precincts within the county that is consistent with the standards stated above.

Not later than noon, June 1, 2017, the board shall adopt a proposed precinct establishment order implementing the findings of the committee and file the proposed order with the election division no later than noon, August 1, 2017.

If the board does not file a proposed precinct establishment as required, then the Indiana Election Commission shall adopt a precinct establishment order for the county not later than September 1,

2017, based on the committee's proposed plan. If the commission does not have the committee's plan and findings, the commission shall adopt an order the commission determines will realize savings for the county and not impose unreasonable obstacles on the ability of the voters of the county to vote at the polls.

A proposed precinct establishment order approved pursuant to this state law takes effect January 1, 2018. However, if an objection to the proposed order is filed under IC 3-11-1.5-18, the proposed precinct establishment order takes effect January 1, 2018, unless at least three (3) members of the Indiana Election Commission affirmatively vote to sustain the objection.

(SEA 220 § 1; Effective date: May 2, 2017; Citation affected: IC 3-6-5.2-10[New])

# CITY AND TOWN ELECTIONS

## Municipal Election Expenses in Vote Center Counties

In a county which has adopted a vote center plan, the provisions requiring a city or town to reimburse a county for the cost of a municipal primary or municipal election not conducted a general election year were modified. In a vote center county, all election expenses incurred administering a municipal primary or municipal elections shall be apportioned among the municipalities holding a municipal primary and municipal election in the same ratio that the number of voters who cast a ballot in the municipality at the municipal primary election or the municipal election bears to the total number of voters who cast a ballot in all of the municipalities in the county at that municipal primary or municipal election.

If a town that has entered into a fixed fee agreement with the county election board for its primary and municipal election, then the town is subject to the terms of the agreement instead of the apportionment formula described above.

(SEA 442 § 2 and 3; Effective date: July 1, 2017; Citations affected: IC 3-5-3-8, IC 3-5-3-9)

## Political Subdivisions Conducting Elections that Cross County Boundaries

The law providing for counties to share responsibilities for elections conducted in political subdivisions (towns, for example) that cross county boundaries when that election occurs in other than a general election (even-numbered) years was revised. A reference to "special election" was added to clarify that the state law that applies to counties sharing election responsibility applies to

referendum elections held in other than general election years as well as an election for municipal offices.

(SEA 442 § 7; Effective date: July 1, 2017; Citation affected: IC 3-6-5-15)

Small Town Candidate Nominations

The legislative body in a small town may adopt an ordinance establishing that *major party (Democratic or Republican)* candidates may be nominated in a primary rather than at a town convention (prior law did not specify that this provision applied only to major party candidates).

(SEA 442 § 25; Effective date: July 1, 2017; Citation affected: IC 3-8-5-2)

Content of Declaration of Candidacy for Small Town Convention Candidate:  "Party Affiliation" Requirement

The same party affiliation requirement applicable to a primary declaration of candidacy is made applicable to a declaration of candidacy as a town convention candidate who claims affiliation with a major party. The declaration must inform the candidate how party affiliation is determined and permit the candidate to indicate their party affiliation in one of two ways:

1) The most recent primary election in Indiana in which the candidate voted was a primary election held by the party with which the candidate claims affiliation; or
2) The county chairman of the county where the candidate resides and of the political party with which the candidate claims affiliation certifies in writing that the candidate is a member of the political party.

If a candidate claims party affiliation based on a county chairman's certification, the candidate must attach the written certification of the county chairman to the candidate's declaration.

(SEA 442 § 26; Effective date: July 1, 2017; Citation affected: IC 3-8-5-10.5)

Small Town Convention Voting for At-Large Council Seats

When more than one candidate may be nominated to at-large town council seats at a town convention, the candidates who receive the highest number of votes at the convention, up to the total number to be elected in the November town election, are considered the nominees of the convention for the town council seats in the November town election.

(SEA 442 § 27; Effective date: July 1, 2017; Citation affected: IC 3-8-5-12)

Effective Date of Town Ordinances Changing Year of Town Election

An ordinance changing the year in which some or all municipal offices will be elected, or an ordinance repealing a previously adopted ordinance changing the year in which some or all municipal offices will be elected, takes effect when the ordinance is filed with the circuit court clerk of the county in which the largest percentage of the population of the town is located.

(SEA 442 §§ 41 and 42; Effective date: July 1, 2017; Citations affected: IC 3-10-7-2.7, IC 3-10-7-2.9)

<u>Town Legislative Body Districts</u>

In establishing a town legislative body district, the district may not cross a census block boundary except when following a precinct boundary line or unless the ordinance specifies that the census block has no population and is not likely to have any population before the effective date of the next federal decennial census.

The town legislative body districts of a small town with a population of less than three thousand five hundred (3,500) are abolished effective January 1, 2018, if the town council has neither adopted a redistricting ordinance after December 31, 2011, nor adopted an ordinance recertifying districts after December 31, 2011.

A town whose legislative body districts are abolished effective January 1, 2018, may thereafter adopt an ordinance to establish town legislative body districts in accordance with state law after January 1, 2018.

(SEA 442 § 79; Effective date: July 1, 2017; Citation affected: IC 36-5-2-4.1)

## RECOUNTS AND CONTESTS

<u>Recounts for Statewide Public Questions</u>

A recount petition regarding the retention of a judge of the Indiana Tax Court was added to the list of recounts filed with the Indiana Election Division.

(SEA 442 §§ 58 and 61; Effective date: July 1, 2017; Citations affected: IC 3-12-12-2, IC 3-12-12-23)

<u>Recounts for Local Public Questions</u>

A local circuit, superior, or probate court approves the cash deposit or corporate surety filed by a petitioner only for recounts on local public questions conducted by a county recount commission.

State law directing the circuit court clerk in each county to correct the vote count for a local public question held in more than one county (a school referendum where the school district is in more than one county, for example) does not apply to a recount conducted by the state recount commission.

(SEA 442 §§ 59 and 60; Effective date: July 1, 2017; Citations affected: IC 3-12-12-5, IC 3-12-12-22)

# LOCAL ELECTION ADMINISTRATION

## Municipal Election Expenses in Vote Center Counties

In a county which has adopted a vote center plan, the provisions requiring a city or town to reimburse a county for the cost of a municipal primary or municipal election not conducted in a general election year were modified. In a vote center county, all election expenses incurred administering a municipal primary or municipal elections shall be apportioned among the municipalities holding a municipal primary and municipal election in the same ratio that the number of voters who cast a ballot in the municipality at the municipal primary election or the municipal election bears to the total number of voters who cast a ballot in all of the municipalities in the county at that municipal primary or municipal election.

If a town that has entered into a fixed fee agreement with the county election board for its primary and municipal election, then the town is subject to the terms of the agreement instead of the apportionment formula described above.

(SEA 442 § 2 and 3; Effective date: July 1, 2017; Citations affected: IC 3-5-3-8, IC 3-5-3-9)

## Reimbursement for Certain Special Election Expenses

A county conducting a special election in the following situation uses a specified formula to apportion costs:

1) The county election board is required to conduct a special election for a political subdivision;
2) The special election is being conducted at the same time as another election but the special election is held in at least some precincts in which the other election is not being conducted (this would not apply to primary or general elections held during an even numbered year since these elections are conducted in all of the precincts in the county); and
3) A state law provides that the political subdivision must reimburse the county for the cost of the special election.

All election expenses incurred administering the special election in precincts where no other election is conducted shall be paid by the political subdivision in the same ratio as the number of voters who cast a ballot in the special election in precincts where no other election was conducted to the total number of voters who cast a ballot in all precincts in the county in which an election was conducted.

(SEA 442 § 4; Effective date: July 1, 2017; Citation affected: IC 3-5-3-12[New])

<u>Number of Vote Centers Required for Stand-Alone Special Elections</u>

When a county conducts a special election in only part of the county, and the special election is not held on the same day as a primary, general, or municipal election held in the county, the county's vote center plan must provide for at least one (1) vote center if the election district contains less than ten thousand (10,000) active voters. If the election district contains ten thousand (10,000) active voters or more, the county's vote center plan must provide for at least one (1) vote center for each ten thousand (10,000) active voters and an additional vote center for any additional fraction of active voters over ten thousand (10,000) in the election district. For example, if there are fifteen thousand (15,000) active voters in the election district then the county's vote center plan would be required to have at least two (2) vote centers.

(HEA 1521 § 32; Effective date: April 26, 2017; Citation affected: IC 3-11-18.1-6)

<u>Filing Deadlines</u>

When there is a deadline to take a legal action (a filing deadline, for example) under the election code at a county or state office and the deadline falls on the day, or *at a time*, when the office is closed to the public, the deadline for taking the action is extended to the next day the office is open to the public.  For example, if the deadline for filing at the clerk's office is noon, February 9. While the office is open for most of the day, it is closed to the public from noon to 1:00 P.M., then the deadline for filing would be noon on the next day the office is open to the public.

(SEA 442 § 5; Effective date: July 1, 2017; Citation affected: IC 3-5-4-1.5)

<u>Filings may not be made by with County Voter Registration Office by Fax or Email</u>

The "county voter registration office" is added to the list of government offices where filings by fax or email may not be made unless expressly permitted or required by the election code. A county voter registration office includes both a clerk that acts as the county voter registration official in a county as well as a separate board or registration if a separate board of registration has been established pursuant to state law in the county.

(SEA 442 § 6; Effective date: July 1, 2017; Citation affected: IC 3-5-4-1.7)

<u>Electronic, Digital, Digitized or Photocopied Signatures Prohibited on Documents Requiring
Signature Verification by County Voter Registration Offices</u>

The nominating petition of a school board candidate, and any other petition filed with a county voter
registration office requiring the office to certify the validity of voter signatures may not include
electronic, digital, digitized or photocopied signatures of voters.

(SEA 442 § 6; Effective date: July 1, 2017; Citation affected: IC 3-5-4-1.7)

<u>Political Subdivisions Conducting Elections that Cross County Boundaries</u>

The law providing for counties to share responsibilities for elections conducted in political
subdivisions (towns, for example) that cross county boundaries when that election occurs in other
than a general election (even-numbered) years was revised. A reference to "special election" was
added to clarify that the state law that applies to counties sharing election responsibility applies to
referendum elections held in other than general election years as well as an election for municipal
offices.

(SEA 442 § 7; Effective date: July 1, 2017; Citation affected: IC 3-6-5-15)


# STATE ELECTION ADMINISTRATION

<u>Certified Election Worker Program</u>

A course on laws and procedures governing accessibility of polling places and voting systems for
persons with disabilities is added to the curriculum of the election worker certification program.

The term of the certification provided by the program is reduced from four years to two years.  A
person's designation as a certified election worker ends on January 1 of the second year following
certification.

(SEA 442 §§ 8 and 9; Effective date: July 1, 2017; Citations affected: IC 3-6-6.5-2; IC 3-6-6.5-4)

<u>Voting System Technical Oversight Program Funding</u>

The Voting System Oversight Program Account is to receive, among other potential revenue
sources, the money appropriated by the General Assembly for the Voting System Technical
Oversight Program.

(SEA 442 § 55; Effective date: April 13, 2017; Citation affected: IC 3-11-17-6)

# PUBLIC QUESTIONS (REFERENDUM)

**Ballot Language for Statewide Public Question Concerning Requiring the General Assembly to Adopt a Balanced Budget**

Pursuant to Article 16, Section 1 of the Constitution of the State of Indiana, two successively elected General Assemblies passed laws (P.L.259 -2015 and P.L. 271-2017) that require a proposed amendment to the Constitution requiring a balanced state budget to be placed on the 2018 general election ballot. The General Assembly prescribed the form of this public question pursuant to IC 3-10-3 as follows:

"Public Question #1

Shall Article 10, Section 5 of the Constitution of the State of Indiana be amended to require the General Assembly to adopt balanced budgets for state government that do not exceed estimated revenues unless a supermajority of two-thirds of the members of the House of Representatives and two-thirds of the members of the Senate vote to suspend the requirement?"

(SEA 222 § 1; Effective date: July 1, 2017; Citation affected: noncode)
(SJR 7-2017; Effective date: April 25, 2017; Citation affected: noncode)

**Controlled Project Petition/Remonstrance and Referendum and School Tax Levy Referendum**

A controlled project is a local capital project approved by a political subdivision and financed by bonds or a lease and paid for from property taxes that are not subject to the property tax caps set forth in state law. Some smaller controlled projects may be approved by a political subdivision and do not involve either the petition and remonstrance process or placing a public question (referendum) on the ballot. Other larger controlled projects may involve either the petition and remonstrance process or a referendum.

State law has set new financial thresholds which, when met, trigger either the petition and remonstrance process or a referendum.  These new thresholds are phased in over time with the final phase applicable to projects initiated after January 1, 2019.

.

Under current law, a petition requesting the application of a petition and remonstrance process requires the lesser of the following:

1) Five hundred (500) persons who are either owners of property or registered voters in the political subdivision (former law required one hundred (100) persons); or
2) Five percent (5%) of the registered voters residing within the political subdivision.

The county voter registration office must certify whether or not the persons signing the petition are registered voters of the political subdivision. However, once the county voter registration office has determined that at least five hundred twenty-five (525) persons who signed a petition requesting the application of a petition and remonstrance process are registered voters within the political subdivision, the county voter registration office is no longer required to verify whether the remaining persons who signed the petition are registered voters.

If the county voter registration office determines that fewer than five hundred twenty-five (525) persons who signed the petition are registered voters within the political subdivision, the county voter registration office shall forward the petition to the county auditor and make the final determination of the number of petitioners that are registered voters in the political subdivision and the number of petitioners that own property within the political subdivision (based on the auditor's statement) once the auditor returns the petitions to the county voter registration office.

If a referendum for a controlled project or for a school tax levy referendum is defeated, another referendum may not be held earlier than 700 days after the date of the first referendum (rather than 350 days under current law). However, the 350 day limit applies if a sufficient petition requesting that limit is submitted to the county auditor and signed by the lesser of the following:

1) Five hundred (500) persons who are either owners of property or registered voters in the political subdivision (former law required one hundred (100) persons); or
2) Five percent (5%) of the registered voters residing within the political subdivision.

(HEA 1043 §§ 1, 3- 6, 8; Effective date: July 1, 2017; Citations affected: IC 6-1.1-20-1.1, IC 6-1.1-20-3.1, IC 6-1.1-20-3.2, IC 6-1.1-20-3.5, IC 6-1.1-20-3.6, 20-46-1-11)


# MISCELLANEOUS CHANGES

## Poll Takers

An "association of co-owners" is added to the definition of "place of lodging" in state law requiring a place of lodging to allow poll takers for a political party or independent candidate for federal or state office to conduct a poll of residents during reasonable hours.

(HEA 1521 § 2; Effective date: March 21, 2016 [retroactive]; Citation affected: IC 3-6-11-5)

<u>Administration of Oath</u>

State laws listing individuals authorized to administer oaths and take acknowledgements are relocated to a new Indiana Code section, effective July 1, 2018.

A member of an absentee board in a county that counts absentee ballots at a central location may administer oaths and take acknowledgements on documents pertaining to matters in the election code.

(SEA 539 §§ 1- 4, 13, 18; Effective date: July 1, 2018; Citations affected: IC 3-6-4.5-7, IC 3-6-5.1-7, IC 3-8-7-8, IC 3-8-7-10, IC 33-42-4[repealed], IC 33-42-9[New])

<u>Local Sign Regulation (including Political Signs)</u>

A political subdivision may not enforce an ordinance or a regulation relating to the number or size of signs during the period beginning sixty (60) days before an election and ending the beginning of the sixth day after the election. A political subdivision is not prohibited from enforcing an ordinance or regulation relating to the number or size of signs at any time if necessary to ensure public safety.

For purposes of this law, a "sign" has a surface area not greater than thirty-two (32) square feet. If a sign consists of two (2) faces, only the surface area of one (1) of the faces is considered in the square footage calculation if both of the following apply: 1) The faces are mounted back to back; and 2) the measure of the angle between the faces is not more than fifteen (15) degrees.

In addition, a local zoning ordinance relating to signs is considered to contain a provision that permits the substitution of the copy on a sign regardless of whether the original and new copy is commercial or noncommercial (political copy is noncommercial).

(SEA 348 §§ 1 and 2; Effective date: March 23, 2017; Citations affected: IC 36-1-3-11[New], IC 36-7-4-1109)

<u>Election Crimes</u>

The following election crimes are reduced or changed as described:

1) Criminal penalty for falsely making or filing a declaration or petition, among other things, is reduced from a Level 6 felony to a Class A misdemeanor.
2) Criminal penalty for removing a pencil or other ballot marking device from the polls is repealed. The criminal penalty for removing a ballot from the polls is reduced from a Level 6 felony to a Class C infraction.
3) Criminal penalty for a precinct election board member recklessly allowing a voting booth to be used without a screen, or with a screen arranged so as not to shield the preparation of ballot from observation, is reduced from a Level 6 felony to a Class C infraction.
4) Criminal penalty for an inspector, or person acting in the inspector's behalf, to knowingly deposit a ballot in the ballot box without the initials of the poll clerks, or in the ballot box when the ballot has a distinguishing mark, is reduced form a Level 6 felony to a Class C infraction.

(SEA 425 §§ 1-4; Effective date: July 1, 2017; Citations affected: IC 3-14-1-1, IC 3-14-3-13, IC 3-14-4-4, IC 3-14-4-6)

<u>Publication of Notice</u>

Whenever a political subdivision is required to publish notice in a newspaper or locality newspaper (publication of a voting system public test, for example) and the political subdivision submits the notice to the newspaper or locality newspaper, if the newspaper or locality newspaper ***does not refuse*** to publish a timely notice, but subsequently ***fails*** to publish the notice, notice is nonetheless sufficient if within the same period required for publishing the notice the notice is timely posted as follows: (1) printed notices in three prominent places in the political subdivision; or (2) on the political subdivision's website in a location where the notice is easily accessible and identifiable.

(HEA 1272 § 1; Effective date: July 1, 2017; Citation affected: IC 5-3-1-2)

<u>Potential Interim Legislative Study Committee Topics</u>

The General Assembly urges the legislative council to assign to the elections committee or another appropriate interim study committee the topic of the notification of an offender being released from custody of the following:

1) the offender's right to vote; and
2) the requirement that the offender re-register in order to vote.

If the legislative council assigns the topic to the elections committee or another appropriate interim study committee, the interim study committee shall complete the study required and report its findings and conclusions, if any, including any recommended legislation, to the legislative council in an electronic format not later than November 1, 2017.

(SEA 442 § 80; Effective date: April 13, 2017; Citation affected: noncode)

<u>Updating or Correcting References in State Law</u>

The definition of "county voter registration office" is corrected to account for boards of registration established by either the county executive or otherwise by state law (Marion, Lake and Tippecanoe County boards, for example).

(SEA 442 § 1; Effective date: July 1, 2017; Citation affected: IC 3-5-2-16.2)

The requirement that a "newspaper be a "daily, weekly, or semiweekly, or  triweekly" newspaper is modified in a statute providing for media watchers to simply refer to a "newspaper" since that term is otherwise defined in Indiana law.

(SEA 442 § 13; Effective date: July 1, 2017; Citation affected: IC 3-6-10-1)

Cross-reference reference to a repealed statute (IC 3-8-2-11) is removed from statute describing the content of a primary declaration of candidacy.

 (SEA 442 § 22; Effective date: July 1, 2017; Citation affected: IC 3-8-2-7)

Obsolete provision containing erroneous primary filing date is repealed.

(SEA 442 § 23; Effective date: July 1, 2017; Citation affected: IC 3-8-2-11)

Generic reference of "county voter registration office" is substituted for "circuit court clerk or board of registration."

(SEA 442 § 29; Effective date: July 1, 2017; Citation affected: IC 3-8-6-12)

References to the years in which certain elections occur are deleted where no longer relevant and updated to refer to the more modern relevant date (reference to 2016 election for President updated to 2020, for example).

(SEA 442 §§ 32, 35-40, 70-73, 78; Effective date: July 1, 2017; Citations affected: IC 3-10-1-4.6, IC 3-10-2-3, IC 3-10-2-4, IC 3-10-2-6, IC 3-10-6-2, IC 3-10-6-3, IC 3-10-6-5, IC 3-10-6-2, IC 20-23-12-9, IC 20-23-12-9, IC 20-23-17-8, IC 20-23-12-9, IC 33-35-1-1)

(HEA 1521 § 31; Effective date: July 1, 2017; Citation affected: IC 3-11-18.1-5)

A cross-references in a voter list maintenance statute was corrected to refer to the correct section of state law. Another cross-reference in a voter list maintenance statute was corrected to reflect a section added to state law during the 2017 session of the General Assembly.

(HEA 1521 §§ 3 and 6; Effective date: July 1, 2017; Citations affected: IC 3-7-32.8-2, IC 3-7-38.2-17)

Cross-reference in candidate challenge statute was added to distinguish between the general procedures applicable to challenges to all candidates except candidates for statewide and state

legislative office and the special procedures that apply only to candidates for statewide and state legislative office. This addition required cross-reference corrections in other state laws.

(SEA 442 §§ 19, 24, 30, 63, 64, 66; Effective date: July 1, 2017; Citations affected: IC 3-8-1-2, IC 3-8-2-14, IC 3-8-6-14, 3-13-1-16.5, IC 3-13-1-20.5, 3-13-2-11)

Cross-reference in state law to a federal law is updated to reflect a change in citation to the applicable federal law.

(SEA 442 § 43; Effective date: July 1, 2017; Citation affected: IC 3-10-10-1)

Obsolete reference to a "challenge door" is repealed from a state law regarding preparation of the polls for election day.

(SEA 442 § 49; Effective date: July 1, 2017; Citation affected: IC 3-11-8-7)

Obsolete reference to "passing the challengers" is repealed from a law regarding identification of voters at close of polls who are eligible to vote.

(SEA 442 § 50; Effective date: July 1, 2017; Citation affected: IC 3-11-8-11)

Obsolete reference to "passing the challengers" is repealed from a law regarding identification of voters at close of polls who are eligible to vote.

(SEA 442 § 50; Effective date: July 1, 2017; Citation affected: IC 3-11-8-11)

Obsolete cross-references to statute regarding testing optical scan ballot card voting systems are repealed.

(HEA 1181 §§ 3 and 4; Effective date: April 20, 2017; Citations affected: IC 3-11.5-6-14, IC 3-12-3-8)

Obsolete reference to a school board election conducted during a primary election is repealed.

(HEA 1181 § 5; Effective date: April 20, 2017; Citation affected: IC 3-12-9-4)

A subsection is created for an existing paragraph in school tax levy statute to add clarity to meaning of the statute.

(HEA 1181 § 85; Effective date: April 20, 2017; Citation affected: IC 20-46-1-14)