UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), LEAGUE OF WOMEN VOTERS OF INDIANA, <br><br> Plaintiffs, <br><br> v. <br><br> CONNIE LAWSON in her official capacity as Secretary of State for the State of Indiana, J. BRADLEY KING in his official capacity as Co-Director, Indiana Election Division, ANGELA NUSSMEYER in her official capacity as Co-Director, Indiana Election Commission <br><br> Defendants. | No. 1:17-cv-02897-TWP-MPB |

## CASE MANAGEMENT PLAN[1]

**I.   Parties and Representatives**

*Plaintiffs*

   A. Indiana State Conference of the National Association for the Advancement of Colored People (NAACP), and
      League of Women Voters of Indiana

   B. Myrna Pérez
      Jonathan Brater
      BRENNAN CENTER FOR JUSTICE
      AT NYU SCHOOL OF LAW

---

[1] The parties file this proposed Case Management Plan pursuant to the Court's Order dated July 20, 2018. ECF No. 70. The defendants request that this proposed Case Management Plan be considered only as an alternative to their Motion for a Stay of District Court Proceedings and Discovery while the preliminary injunction is on appeal. Defendants ask that the Court not adopt this proposed Case Management Plan except in the event the case is not stayed.

      120 Broadway, Suite 1750
      New York, NY 10271
      Phone: (646) 292-8310
      Fax: (212) 463-7308
      myrna.perez@nyu.edu
      jonathan.brater@nyu.edu

C.  Trent A. McCain
      McCAIN LAW OFFICES, P.C.
      5655 Broadway
      Merrillville, IN 46410
      Phone: (219) 884-0696
      Fax: (219) 884-0692
      Trent@McCain.Law

D.  Sascha N. Rand
      Ellyde R. Thompson
      Ellison Ward Merkel
      Geneva McDaniel
      Alexandre J. Tschumi
      QUINN EMANUEL URQUHART & SULLIVAN, LLP
      51 Madison Avenue, 22nd Floor
      New York, NY 10010
      Phone: (212) 849-7000
      Fax: (212) 849-7100
      sascharand@quinnemanuel.com
      ellydethompson@quinnemanuel.com
      ellisonmerkel@quinnemanuel.com
      genevamcdaniel@quinnemanuel.com
      alexandretschumi@quinnemanuel.com

*Defendants*

A.    Connie Lawson, in her official capacity as Secretary of State of Indiana,
        J. Bradley King, in his official capacity as Co-Director of the Indiana Election Division, and
        Angela M. Nussmeyer, in her official capacity as Co-Director of the Indiana Election Division

B.    Jefferson S. Garn
        Diana Lynn Moers Davis
        Kelly S. Witte
        Aleksandrina Penkova Pratt
        Matthew Richard Elliott
        Office of the Attorney General
        Indiana Government Center South

>   302 W. Washington St., 5th Floor
>   Indianapolis, IN 46204
>   Phone: (317) 234-7119
>   Fax: (317) 232-7979
>   Jefferson.Garn@atg.in.gov
>   Diana.Moers@atg.in.go
>   Kelly.Witte@atg.in.gov
>   Aleksandrina.Pratt@atg.in.gov
>   Matthew.Elliott@atg.in.gov

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.     Jurisdiction and Statement of Claims**

    A.    The parties shall state the basis for subject matter jurisdiction. If there is disagreement, each party shall state its position.

    B.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343, and 52 U.S.C. § 20510(b) as Plaintiffs allege that the actions of Defendants violated and continue to violate Section 8 of the National Voter Registration Act of 1933 ("NVRA"), 52 U.S.C. § 20501 *et seq*.

    C.    Plaintiffs contend that Defendants' interpretation of Indiana Code § 3-7-38.2-5(d)–(e), as amended effective July 1, 2017, permits counties to remove a voter from the registration rolls based on a match in the Interstate Voter Registration Crosscheck Program ("Crosscheck"), without the requisite written confirmation from the voter, or the requisite notice and two federal election waiting period in which the voter is inactive. In this way, Defendants have violated the NVRA by failing to ensure compliance with the Act. Additionally, by permitting counties to remove voters from the roll based on unreliable information from the Crosscheck system, and by leaving counties with the discretion as to whether and how to conduct further investigations to ensure that the voter has in fact moved out of state, Defendants have also violated the NVRA by failing to maintain voter rolls in a manner that is reasonable, nondiscriminatory, and uniform.

    D.    Defendants contend that Federal law requires states to maintain accurate and current voter registration rolls, and to carry out any such voter list maintenance in a uniform, reasonable, and nondiscriminatory way. Indiana, in a continuing effort to respect the entirety of the National Voter Registration Act ("NVRA"), passed S.B. 442. That law provides certain tools for county officials to use to comply with the NVRA and remove registrations from the voter rolls under certain, limited, circumstances. Indiana, along with the majority of the states, participates in some way with the Interstate Voter Registration Crosscheck program. S.B. 442, far from violating the NVRA, merely permits county officials and state officials to carry out their duties under that law. In addition to suing the defendants for a

        State law that complies with federal law, the plaintiffs have not sued the proper parties who could provide the relief the plaintiffs seek.

### III.    Pretrial Pleadings and Disclosures

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before <u>November 13, 2018</u>.

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before <u>November 20, 2018</u>.

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before <u>December 4, 2018</u>.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before <u>December 20, 2018</u>.

    E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before <u>December 20, 2018</u>. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

    F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before <u>May 24, 2019</u>. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) <u>30 days after Plaintiffs serves their expert witness disclosure</u>; or if Plaintiffs have disclosed no experts, Defendant(s) shall make its expert disclosure on or before <u>June 21, 2019</u>.

    G.    Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

    H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before <u>August 23, 2019</u>. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such

objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before <u>45 days prior to the starting date of trial</u>.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony. Any listed witness who was not deposed during the discovery period may be deposed within 10 days of parties filing and serving final witness and exhibit lists. <u>Parties will have four additional days to submit exhibits relating to any depositions taken under this protocol. Defendants see no need for this protocol which is not from the model CMP</u>.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>.  If either party is seeking the production of a substantial volume of ESI, then complete the <u>ESI Supplement to the Report of the Parties' Planning Meeting</u> (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

5

The parties expect to seek ESI discovery. Plaintiffs seek ESI material including, but not limited to, computer programs developed to process Crosscheck data, communications, attachments, memoranda, spreadsheets, and lists. To the extent any relevant and responsive material contains confidential voter information, parties will stipulate to a protective order to the extent permitted by law. The parties agree to produce, to the extent feasible, all ESI material in its original format, inclusive of metadata.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

Mindful of each party's duty to preserve "any relevant evidence that the nonpreserving party knew or reasonably could foresee would be relevant to this action," "attach[ing] when the plaintiff informs the defendant of her potential claim," *Haraburda v. Arcelor Mittal USA, Inc.*, Civ. No. 2:11 cv 93, 2011 WL 2600756 at *1 (N.D. Ind. June 28, 2011), Plaintiffs and Defendants have preserved relevant ESI materials. The parties agree to continue to take measures necessary to preserve relevant ESI materials, including ESI materials contained in servers and email accounts (both governmental and personal). Parties agree to notify each other in the event that materials have not been preserved.

## IV. Discovery[2] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most

---

[2] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

6

appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Plaintiffs believe this case is appropriate for summary judgment or partial summary judgment. Indiana Code § 3-7-38.2-5(d)–(e), as interpreted by Defendants, violates the National Voter Registration Act of 1993, 52 U.S.C. §§ 20501, *et seq.* Defendants have stated that a match based on Crosscheck data is a sufficient basis to remove a voter from the Indiana voter roll without notice or waiting period. Defendants have also admitted that they do not provide any uniform guidance to county elections officials on whether and how to conduct further investigations to ensure that a Crosscheck-matched voter has in fact moved out of state, and there is uncontroverted evidence that the 92 counties in Indiana employ a wide range of conflicting and arbitrary practices. This is in direct contravention of the NVRA, and Defendants have violated the NVRA by failing to ensure compliance, as the chief election officials in the state.

The defendants agree that this case is appropriate for summary judgment. S.B. 442 helps state and county election officials carry out their duties under the NVRA. State election officials, in conformity to the NVRA, will comply with S.B. 442, but the primary duty of removing voter registrations of individuals who have clearly moved to another state would fall on county officials. Accordingly, the undisputed material facts of the case will show that S.B. 442 complies with federal law, and, thus, judgment should be granted in the defendants' favor as a matter of law.

B. On or before May 24, 2019, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

 X  Track 2: Dispositive motions are expected and shall be filed by July 19, 2019; non-expert witness discovery and discovery relating to liability issues shall be completed by May 17, 2019; expert witness discovery and discovery relating to

7

damages shall be completed by <u>June 21, 2019</u>. All remaining discovery shall be completed by <u>September 20, 2019</u>.  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.

[Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

### V.   Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in March 2019.**

### VI.  Trial Date

The parties request a trial date in <u>December 2019</u>.  The trial is by Court and is anticipated to take <u>five days</u>.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

### VII. Referral to Magistrate Judge

A. **Case**.  At this time, all parties <u>do not</u> consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial.  It is not necessary to file a separate consent.  Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment.  If no objection is filed,

        the consent will remain in effect.]

   B.   **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

   A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

       1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

       2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

       3.   Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

       4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

          a.   brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

          b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

       5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and

        areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

    6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.  Other Matters

For the Plaintiffs:

*/s/ Jonathan Brater*
Jonathan Brater
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Phone: (646) 292-8310
Fax: (212) 463-7308
jonathan.brater@nyu.edu

For the Defendants:

*/s/ Jefferson S. Garn*
Jefferson S. Garn
No. 29921-49
Office of the Attorney General
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
Phone: (317) 234-7119
Fax: (317) 232-7979
Jefferson.Garn@atg.in.gov

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**


_____                          _____
Date                                                                              U. S. District Court
                                                                                          Southern District of Indiana

## CERTIFICATE OF SERVICE

       I hereby verify that on this 10th day of August 2018, a copy of the foregoing was filed electronically with the Clerk of this Court.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's filing system.  Parties may access this filing through the Court's system.

                        */s/ Jonathan Brater*

                        Jonathan Brater
                        BRENNAN CENTER FOR JUSTICE
                        AT NYU SCHOOL OF LAW
                        120 Broadway, Suite 1750
                        New York, NY 10271
                        (646) 292-8310
                        jonathan.brater@nyu.edu