UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP) and LEAGUE OF WOMEN VOTERS OF INDIANA, <br><br> Plaintiffs, <br><br> v. <br><br> CONNIE LAWSON, in her official capacity as the Indiana Secretary of State; et. al. <br><br> Defendants. | Civil Action No. 1:17-cv-02897-TWP-MPB |

**Motion for Stay of District Court Proceedings and Discovery**

The defendants request that this case be stayed while the case is on appeal to the Seventh Circuit because to undertake discovery during that time would be a waste of time for the parties and, in all likelihood, for the Court as well.[1]

1. On June 8, 2018, the Court entered an order granting the plaintiff's motion for a preliminary injunction, "prohibiting the Defendants from taking any actions to implement SEA [Senate Enrolled Act] 442 until this case has been finally resolved." [Filing No. 63 at 28]

---

[1] To be clear, the defendants are *not* seeking a stay of the district court's preliminary injunction—rather just further proceedings and discovery pending appeal.

2. Of SEA 442, an act addressing various election matters, only Indiana Code section 3-7-38.2-5 is before the Court. Section 3-7-38.2-5 sets forth the procedures related to the Crosscheck program, a data-sharing program used by several states as a tool to identify duplicate voter registrations in different states for the purpose of undertaking voter list maintenance activities mandated by the National Voter Registration Act, 52 U.S.C. § 20507(a)(4). The General Assembly subsequently amended section 3-7-38.2-5 through House Enrolled Act (HEA) 1253, adding "confidence factors" that would limit the possible matches that would pass through the State election officials to county election officials.

3. The plaintiffs in this case—and the companion case challenging the same statute—seek to proceed with discovery while the preliminary injunction is in place and while the defendants' appeal of the orders on the preliminary injunction is pending before the Seventh Circuit. But what would be discovered remains unclear.

4. The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

5. A court, in considering a stay request, should consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial,

and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.* 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (internal citations omitted).

6. All factors favor a stay.

**A stay will not prejudice or tactically disadvantage the plaintiffs.**

7. Plaintiffs in these cases have an injunction. The defendants have, in turn, asked for their appeal as of right to the Seventh Circuit. While the important questions are addressed in the Seventh Circuit, moving forward with discovery is unnecessary. Plaintiffs and Defendants are in the same positions in these cases, briefing and eventually waiting for a Seventh Circuit decision, and the plaintiffs will not be prejudiced by a stay on appeal.

8. It is unclear why there is a rush to move forward with discovery while the cases are appealed. Indeed, rather than the plaintiffs being disadvantaged by a stay, the prejudice and disadvantage would fall on the defendants if the district court proceedings continue.

9. Even without the preliminary injunction order, and as explained to the Court on several occasions, nothing has happened with Crosscheck, so there is nothing about Crosscheck activities to discover.

10. As the State is not undertaking any Crosscheck activity, either because of this Court's injunction or because Crosscheck is not accepting the submission of data [Filing No. 91, Declaration of King and Nussmeyer], discovery at this time would necessarily be about the way the State performed voter list

3

    maintenance under different statutory requirements. The plaintiffs' mining for stale, irrelevant information would needlessly disrupt and burden the Election Division while the Division prepares for the midterm elections.

11. This Court enjoined all Crosscheck activity. [Filing No. 103 at 27]. Thus, even if Crosscheck were accepting information, the State could not upload information to Crosscheck or provide instructions to county officials about how to use Crosscheck data if any matches were identified. So, while the injunction is in place as ordered, there is nothing to test about reliability of data that may go to the State and then to the counties. Therefore, any discovery about the Election Division's instructions to counties or programming for matches or county hoppers would be about how things were handled under an old law, not SEA 442, the law actually before the Court.

**A stay will simplify the issues in question and streamline the case.**

12. The Seventh Circuit has before it this Court's order granting the plaintiff's motion for a preliminary injunction. Accordingly, the Seventh Circuit will address whether the preliminary injunction was properly granted. Further, and more important for the question of whether a stay is now appropriate, this Court determined that the plaintiffs have standing to proceed and a high likelihood of success on the merits. [Filing No. 103 at 21-23].

13. However those issues are decided on appeal, the issues in question will be simplified and this case, particularly discovery, should be greatly streamlined after appeal.

14. The plaintiffs' apparent position, that discovery should continue during the appeal, would result in the parties undertaking potentially useless and wasteful discovery while this case is on appeal. Any such discovery may have to be repeated after the Seventh Circuit's decision.

**A stay will reduce the burden of litigation on the parties and this Court.**

15. Continuing with the case at the district court level would burden the parties and this Court.

16. As discussed above, the plaintiffs' discovery would be about the way Crosscheck worked under a statute that is not at issue in the case. Depending on the result in the Seventh Circuit, this may mean the parties would seek discovery about the same things twice, once for the way things worked under the old law, and again for how things would work under SEA 442 (and as amended by HEA 1253).

17. Discovery about the old way of doing things, untethered from any new policies in place for SEA 442, poses a real risk of being misleading because it is not about the challenged statute. Accordingly, continued requests for this information would likely result in the parties seeking this Court's assistance in resolving discovery disputes.

18. Also, if this case were to proceed, the defendants would need to undertake their own discovery, which would include discovery about standing. This is an issue on appeal, so first getting that question resolved by the Seventh Circuit before continuing seeking discovery would, of course, be more efficient for the

parties. There may be additional discovery disputes related to those issues that would require this Court's assistance, all of which would needlessly burden the parties and this Court.

19. Additionally, if this case were to proceed, the parties will undoubtedly incur additional and unnecessary costs, including but not limited to attorneys' fees, that may necessarily result in additional disputes that the district court will have to resolve.

20. Courts maintain an inherent power to grant a motion to stay the proceedings. In looking at the following factors that are typically considered in deciding whether to stay a case, these factors weigh in the defendants' favor, and the plaintiffs would be at no disadvantage if the case is stayed.

Therefore, the defendants respectfully request that this Court grant their Motion to Stay and stay all proceedings in this case.

        Respectfully Submitted,

        CURTIS T. HILL, JR
        Attorney General of Indiana

By:   *s/ Jefferson S. Garn*
      Jefferson S. Garn
      Section Chief, Administrative and
      Regulatory Enforcement Litigation
      Atty. No. 29921-49

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2018, a copy of the foregoing was filed electronically using the Court's CM/ECF system, sending notice to registered counsel who may access this filing using the Court's system.

                                      *s/ Jefferson S. Garn*
                                      Jefferson S. Garn
                                      Section Chief, Administrative and
                                      Regulatory Enforcement Litigation

Office of the Attorney General
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN   46204
Phone: (317) 234-7119
FAX:   (317) 232-7979
Email:   Jefferson.Garn@atg.in.gov