### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), and LEAGUE OF WOMEN VOTERS OF INDIANA, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:17-cv-02897-TWP-MPB |
| CONNIE LAWSON, in her official capacity as Secretary of State of Indiana, J. BRADLEY KING, in his official capacity as Co-Director of the Indiana Election Division, and ANGELA NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### ENTRY DENYING DEFENDANTS' MOTION FOR STAY
### OF COURT PROCEEDINGS AND DISCOVERY

This matter is before the Court on Defendants Connie Lawson's, J. Bradley King's, and Angela Nussmeyer's (collectively the "Defendants") Motion for Stay of District Court Proceedings and Discovery, (Filing No. 72), while the case is on interlocutory appeal to the United States Court of Appeals, Seventh Circuit. For the reasons stated below the Court **denies** the motion to stay.

### I.     BACKGROUND

The Indiana State Conference of the National Association for the Advancement of Colored People (NAACP) and the League of Women Voters of Indiana (collectively, the "Plaintiffs") filed this lawsuit on August 23, 2017, seeking declaratory and injunctive relief, requesting the Court declare that Indiana Code § 3-7-38.2-5(d)–(e) violates the National Voter Registration Act

("NVRA") and enjoining Indiana from implementing and enforcing the amended statute (Filing No. 1).  Indiana Senate Enrolled Act 442 (2017) ("SEA 442"), codified at Indiana Code § 3-7-38.2-5(d)–(e), amends Indiana's voter registration laws.  The NVRA established procedural safeguards to protect eligible voters against disenfranchisement without notice and to direct states to maintain accurate voter registration rolls.  The NVRA places specific requirements on the states to ensure that these goals are met.  The Plaintiffs argued that SEA 442 violates the NVRA by circumventing its procedural safeguards –the notice-and-waiting period requirement, as well as the requirement that a state's list maintenance system be uniform and nondiscriminatory. After this lawsuit was initiated, the Indiana General Assembly enacted House Enrolled Act 1253 ("HEA 1253"), which went into effect on March 15, 2018.  HEA 1253 added "confidence factors" to Indiana Code § 3-7-38.2-5(d), thereby codifying the Election Division's policy of providing to the county officials only those registrations that meet certain match criteria.

This Court found a likelihood of success on the Plaintiffs' argument that Indiana's participation in the Interstate Voter Registration Crosscheck Program ("Crosscheck"), as codified in Ind. Code § 3-7-38.2-5(d), as a method for identifying voters who may have become ineligible to vote in Indiana because of a change in residence, would disenfranchise certain voters without notice.  On June 8, 2018, pursuant to Federal Rule of Civil Procedure 65(d), the Court issued a preliminary injunction prohibiting the Defendants from taking any actions to implement SEA 442 until this case has been finally resolved.  (Filing No. 63.)  A similar ruling was issued in related case *Common Cause Indiana v. Lawson et. al*., 1:17-cv-3936-TWP-MPB.  On July 9, 2018, Defendants filed a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit from the Judgment entered in this action on June 8, 2018.  (Filing No. 63.)  Defendants seek a stay of all district court proceedings, including discovery.

2

## II.   <u>LEGAL STANDARD</u>

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936).  An appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision.  This is so for appeals concerning preliminary injunction. *Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006).

In considering a stay request, the Court should consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.* 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).  Moreover, "[c]ourts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, No. 1:14-CV-01589, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (quoting *New England Carpenters Health & Welfare Fund v. Abbott Labs*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013).

## III.   <u>DISCUSSION</u>

Defendants request that discovery be stayed while the case is on appeal to the Seventh Circuit asserting that "to undertake discovery during that time would be a waste of time for the parties and, in all likelihood, for the Court as well." (Filing No. 72 at 1.)  Defendants contend that since the state is not presently undertaking any Crosscheck activity, either because of the injunction or because Crosscheck is not accepting submission of data, Plaintiffs' discovery efforts would be "mining for stale, irrelevant information [that] would needlessly disrupt and burden the Election Division while the Division prepares for the midterm elections."  (Filing No. 72 at 3-4.)

Defendants also contend a stay will simplify the issues in question and streamline the case in that the Seventh Circuit will determine whether the Plaintiffs have standing to proceed and whether a likelihood of success on the merits exists.  Finally, they argue a stay will reduce the burden of litigation on the parties and the Court because the Plaintiffs' discovery "would be about the way Crosscheck worked under a statute that is not at issue in the case."  *Id.* at 5.  In particular, Defendants argue that if the Plaintiffs seek discovery about the way things worked under SEA 442 (as amended by HEA 1253), that discovery request would not be relevant and would result in discovery disputes which would require the courts assistance.

The Plaintiffs oppose a stay and argue that initiating discovery now is critical to ensuring a timely resolution of their claims.  Plaintiffs contend it is imperative that their claims be adjudicated prior to the 2020 presidential election.  Pursuant to federal election law, all systematic removals from the voter rolls must be completed 90 days prior to an election.  In order to resolve the parties' dispute regarding whether it is proper to remove voters from registration rolls pursuant to SEA 442 before the May 2020 primary election, this case must reach resolution by February 2020.  (Filing No. 73 at 2.)  The Plaintiffs explain that they intend to seek discovery on: (1) the reliability of Crosscheck and its underlying data; (2) Defendants' past and present practices and communications relating to the provision of notice to voters; (3) Defendants' past and present practices and communications concerning the use of Crosscheck data; and (4) Defendants' past and present practices and communications concerning the analysis or auditing of Crosscheck data and any related results.  *Id.* at 4.  They assert that they will be unduly prejudiced and tactically disadvantaged if discovery is delayed.

The Plaintiffs argue a stay will not simplify the issues or streamline the trial because there is substantial non-duplicative discovery that could be taken while Defendants' appeal is pending

including, but not limited to, discovery regarding Defendants' relevant prior policies, procedures and practices, and there is no reason the parties could not work together to ensure future discovery is tailored to new, non-duplicative material.  *Id*. at 10.  The Plaintiffs contend a stay would only *exacerbate* the burdens of litigation on the parties and this Court.  As explained above, a stay would force all parties to pursue this case, post-appeal, at impossible speed and require the parties and the Court to dedicate extraordinary resources to meet associated deadlines.  *Id*.

In its Reply brief, Defendants' refute Plaintiffs' timeline and their need to have this case resolved before the 2020 election. Defendants argue that the "invented and unexplained importance of 2020, … remains unclear", (Filing No. 75 at 4), and the Plaintiffs will not be unduly prejudiced or tactically disadvantaged by a stay.

A party has no right to a stay, and the party seeking a stay bears the burden of proving that the Court should exercise its discretion in staying the case.  *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009).  Defendants have not carried this burden.

Regardless of the outcome of Defendants' interlocutory appeal, significant discovery in this case is unavoidable.  Plaintiffs' desire to have this case resolved by the November 2020 election is not unreasonable, given their assertion that a determination of whether the state's list maintenance and compliance with the NVRA is important for Indiana voters.  The concerns listed by Plaintiffs are not insubstantial concerns and they are more than sufficient to counter Defendants' arguments about the hardship it would encounter if not allowed to continue litigating this action.

The Court also finds that a stay is not likely to simplify this case.  Defendants' appeal is of a preliminary ruling, so even if the Court of Appeals were to reverse granting of the preliminary injunction, that ruling would be unlikely to narrow the case or change the scope of discovery

required to resolve the case. The Seventh Circuit will not be making a *final* determination as to any of the issues presented, including standing. *S. Glazier's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, No. 2:16-cv-861, 2016 WL 10637077 at *2-4 (S.D. Ohio, Dec. 14, 2016) (denying a stay of proceedings pending an interlocutory appeal of a preliminary injunction reasoning that the court of appeals would "not make a final determination" on appeal from a preliminary injunction).

As to the final argument, while the Court appreciates Defendants' interest in reducing the burden of this litigation on the Court, the interests of efficiency and economy in litigation are, in the Court's view, best served by moving cases along. This Court has the duty to "secure the just, speedy, and inexpensive determination of every action and proceeding," *see* Fed. R. Civ. P. 1. Defendants have not made a compelling case that staying the case would serve that purpose.

Accordingly, the Court will not stay the proceeding while Defendants' interlocutory appeal is pending. The parties should confer—and if necessary consult with the Magistrate Judge— regarding conducting discovery in such a way as to maximize efficiency and avoiding duplicative discovery. District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). The court may, "for good cause," limit the scope of discovery to "protect a party from … undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Friends of the Parks v. Chi. Park Dist.*, No. 14-cv-9096, 2015 WL 4111312, at *1 (N.D. Ill. Jul. 6, 2015).

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, the Court **DENIES** the Defendants' Motion for Stay of District Court Proceedings and Discovery, ([Filing No. 72](#)), while the case is on interlocutory appeal of the preliminary injunction order, presently before the United States Court of Appeals, Seventh Circuit.

**SO ORDERED.**

Date: 10/5/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jonathan Brater
BRENNAN CENTER FOR JUSTICE
jonathan.brater@nyu.edu

Matthew Richard Elliott
INDIANA ATTORNEY GENERAL
Matthew.Elliott@atg.in.gov

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov

Trent A. McCain
MCCAIN LAW OFFICES, P.C.
Trent@McCain.Law

Ellison Sylvina Ward Merkel
QUINN EMANUEL URQUHART &
SULLIVAN LLP
ellisonmerkel@quinnemanuel.com

Diana Lynn Moers Davis
INDIANA ATTORNEY GENERAL
diana.moers@atg.in.gov

Myrna Perez
BRENNAN CENTER FOR JUSTICE
perezm@brennan.law.nyu.edu

Aleksandrina Penkova Pratt
INDIANA ATTORNEY GENERAL
aleksandrina.pratt@atg.in.gov

Sascha N. Rand
QUINN EMANUEL URQUHART &
SULLIVAN LLP
sascharand@quinnemanuel.com

Kelly Suzanne Thompson
INDIANA ATTORNEY GENERAL
kelly.thompson@atg.in.gov

Ellyde R. Thompson
QUINN EMANUEL URQUHART &
SULLIVAN LLP
ellydethompson@quinnemanuel.com

Alexandre J. Tschumi
QUINN EMANUEL URQUHART &
SULLIVAN LLP
alexandretschumi@quinnemanuel.com