UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| INDIANA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP) and LEAGUE OF WOMEN VOTERS OF INDIANA,<br><br>                    Plaintiffs,<br><br>v.<br><br>CONNIE LAWSON, in her official capacity as the Indiana Secretary of State; J. BRADLEY KING, in his official capacity as Co-Director of the Indiana Election Division; ANGELA NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division,<br><br>                    Defendants. | Case No. 1:17-cv-02897-TWP-MPB |

## PLAINTIFFS' 16-2 POSITION STATEMENT

Pursuant to the Court's September 20, 2019 Order (Dkt. 105) and Local Rule 16-2, Plaintiffs Indiana State Conference of the National Association for the Advancement of Colored People and League of Women Voters of Indiana (collectively, "Plaintiffs") respectfully submit this Statement of Position.

On August 27, 2019, the U.S. Court of Appeals for the Seventh Circuit affirmed this Court's Preliminary Injunction against the implementation of Senate Enroll Act 442 ("Act 442"). (Dkt. 104). The Seventh Circuit rejected Defendants' argument that Plaintiffs did not have standing to challenge Act 442 and found that Plaintiffs were likely to succeed on the merits because:

> Act 442 does away with the process of personal contact with the suspected ineligible voter and allows Indiana election officials to remove a person from the rolls based on Crosscheck *without direct notification of any kind*. On its face, this

1

> appears to be inconsistent with the NVRA's prohibition on removing voters without either hearing from them directly or going through the notice process.

(*Id.* at 31). The Court went on to reject Defendants' arguments that Act 442 satisfies the NVRA's requirement for *direct* voter contact by prescribing (1) *indirect* contact with the voter; and (2) possession of third-party information, finding those argument to be "a stretch at best." (*Id.* at 32).

The Seventh Circuit's Opinion and the terms of the mandate did not place any additional requirements or otherwise alter the Case Management Order (the "CMO") in this case. (Dkt. 103 (incorporating Dkt. 79 and Dkt. 93)). Because the Court of Appeals affirmed a preliminary injunction that has been continually in place during the pendency of the appeal and because the proceedings before this Court have continued uninterrupted throughout that time, the remand to this Court has no impact on the current schedule.

Accordingly, Plaintiffs' position is that no further action is required by the Court at this time and that the case should proceed to adjudication on the merits consistent with the principles set forth by the Seventh Circuit and the schedule provided by the CMO.

DATED: October 4, 2019  Respectfully submitted,

/s/ Sascha N. Rand
Sascha N. Rand
Ellyde R. Thompson
Ellison Ward Merkel
Geneva McDaniel
Alexandre J. Tschumi
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
sascharand@quinnemanuel.com
ellydethompson@quinnemanuel.com
genevamcdaniel@quinnemanuel.com
alexandretschumi@quinnemanuel.com

Myrna Pérez
Eliza Sweren-Becker
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
myrna.perez@nyu.edu
eliza.sweren-becker@nyu.edu

Trent A. McCain
MCCAIN LAW OFFICES, P.C.
363 S. Lake Street Ste. 2
Gary, IN 46403
(219) 884-0696
trent@mccain.law

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically on this 4th day of October 2019. Service of this filing will be made on all ECF-registered counsel by operation of the Court's filing system. Parties may access this filing through the Court's electronic system.

*/s/ Sascha N. Rand*