UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:17-cv-02897-TWP-MPB ) |
| CONNIE LAWSON, in her official capacity as Secretary of State of Indiana, et al., | ) ) ) ) ) ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

This case has always been about how Indiana participates in the Crosscheck program and uses the information received from the other states that participated in Crosscheck. Based on their response, the plaintiffs implicitly acknowledge this, given their position that the new law, SEA 334, creates an identical program to Crosscheck, used in the same manner as Crosscheck, and violates the NVRA in the same manner as Crosscheck. (Common Cause Dkt. 188 at 1; NAACP Dkt. 138 at 1). But Crosscheck is defunct for all purposes in Indiana, and SEA 334, which amends Indiana's voter list maintenance programs, is substantially different than SEA 442. The plaintiffs ask the Court to read something into a lack of detail in the defendants' motion to dismiss about SEA 334 (Common Cause Dkt. 188 at 1; NAACP Dkt. 138 at 1), but the difference between SEA 334 and SEA 442 is vast,

1

and it is only by misconstruing SEA 334's requirements that the plaintiffs can try to force this case to continue. The Court should reject the plaintiffs' misreading of SEA 334 and dismiss this case as moot.

Plaintiffs erroneously argue that SEA 334 allows counties to cancel voter registrations based solely on data received from other states, as counties could do under Crosscheck. But the plain language of SEA 334 provides that if another state provides information to an Indiana county voter official, the other state must provide a copy of the voter's signed voter registration application which indicates the individual authorizes cancellation of the individual's previous registration. SEA 334 § 8(f)(1). Some states' voter registration forms include an authorization by the voter to cancel their registration at their prior address,[1] and the Seventh Circuit declined to address whether such a confirmation, when passed through multiple hands to get to the jurisdiction where the voter had previously been registered, violated the NVRA. *Common Cause Indiana v. Lawson*, 937 F.3d 944, 961 (7th Cir. 2019).

Because SEA 334 prohibits Indiana from participating in Crosscheck, a program indefinitely suspended in 2019, this Court can grant no further relief to

---

[1] Delaware: https://elections.delaware.gov/pubs/stateform.pdf; Hawaii: https://elections.hawaii.gov/wp-content/uploads/Voter-Registration-and-Permanent-Absentee-Application_Form-Fillable.pdf; Michigan: https://www.michigan.gov/documents/MIVoterRegistration_97046_7.pdf; New Mexico: https://portal.sos.state.nm.us/OVR/VRForms/VRFormEnglishFinal.pdf; North Carolina: https://dl.ncsbe.gov/Voter_Registration/NCVoterRegForm_06W.pdf; Vermont: https://sos.vermont.gov/media/nesb43yw/2017-voter-app.pdf; Virginia: https://www.elections.virginia.gov/media/formswarehouse/veris-voter-registration/applications/VA-NVRA-1-Voter-Registration-Application-rev-4_1-(1).pdf; Wyoming: https://sos.wyo.gov/Forms/Elections/General/VoterRegistrationForm.pdf

Plaintiffs for their allegations that the use of information gleaned from Crosscheck violated the NVRA. Consequently, this case is moot. But even if Plaintiffs have a cognizable claim against enforcement of SEA 334, Plaintiffs should bring any challenge through a separate complaint. The provisions of SEA 334 are significantly different from SEA 442, would raise issues not addressed by the Seventh Circuit in the preliminary injunction (*See Common Cause*, 937 F.3d at 961), and should be afforded the full treatment new claims receive, including discovery.

## ARGUMENT

**I.  SEA 334 moots the case because it removed any possibility of participating in Crosscheck, granting the Plaintiffs' requested relief, and added additional notice-and-waiting provisions that comply with the NVRA.**

Because SEA 334 is not substantially similar to SEA 442, this Court should dismiss this case as moot.

Article III's case and controversy requirement "requires an actual controversy at 'all stages of review, not merely at the time the complaint is filed.'" *Ciarpaglini v. Norwood*, 817 F.3d 541, 544 (7th Cir. 2016) (quoting *Campbell-Ewald Co. v. Gomez*, 577 U.S. ___, 133 S. Ct. 663, 669 (2016)). A matter is moot when: 1) "it can be said with assurance that there is no reasonable expectation that the alleged violation will recur;" and 2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *City of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 498 (1969)). "A case is moot when the issues presented are no longer 'live.'" *City of L.A.*, 440 U.S. at 631. If "an event occurs while a case is pending ... that makes it impossible for the court

to grant 'any effectual relief whatever' to a prevailing party, the case must be dismissed." *Chicago Joe's Tea Room, LLC v. Village of Broadview*, 894 F.3d 807, 815 (7th Cir. 2018) (quoting *Cornucopia Institute v. USDA*, 560 F.3d 673, 676 (7th Cir. 2016) (internal alterations omitted)).

In the Common Cause complaint, Plaintiffs alleged that SEA 442 permitted Indiana counties to cancel voter registrations immediately upon receiving information from Crosscheck without being required to send written confirmation or wait for two general elections where the voter is inactive. (Common Cause Dkt. 1, ¶ 6). In the NAACP complaint, Plaintiffs alleged that SEA 442 violated the NVRA's requirements by removing voters without notice, response opportunity, or the waiting period required by the NVRA. (NAACP Dkt. 1, ¶4). The specific allegations of the plaintiffs' grievances addressed what was permitted under SEA 442, which was using the information received from Crosscheck to remove individuals from voting rolls. The violations Plaintiffs alleged were specific to the Crosscheck program and the State's use of that data. Because Indiana does not participate in Crosscheck as a result of SEA 334, this case is moot.

If a "substantially similar policy has been instituted" to replace the challenged policy, then a case is not moot. *Smith v. Exec. Dir. Of Ind. War Mem'ls Comm'n.*, 742 F.3d 282, 287 (7th Cir. 2014). A court may doubt the "genuineness of an amendment" if the amendment enacts the same statute or a statute "substantially similar to the one challenged." *Zessar v. Keith*, 536 F.3d 788, 794 (7th

Cir. 2008). But an amendment to a law that "clearly rectifies the statute's alleged defects" moots a case. *Rembert v. Sheahan*, 62 F.3d 937, 940 (7th Cir. 1995).

Plaintiffs concede that SEA 334 re-introduces the notice and waiting requirement that SEA 442 removed from the Election Code—the catalyst for Plaintiffs' lawsuits, *see* Common Cause Dkt. 188 at 4, NAACP Dkt. 138 at 4. SEA 334 § 5.5(e). Plaintiffs argue, however, that SEA 334 creates a loophole to the notice and waiting requirement which violates the NVRA, because Plaintiffs allege that SEA 334 tells counties to consider information created and sent by third-party states as equivalent to the voter authorizing cancellation of their Indiana registration. Notably, SEA 334 provides that if another state provides written information to an Indiana county voter official, that state must provide a copy of the voter's signed voter registration application, which indicates the individual authorizes cancellation of the individual's previous registration. SEA 334 § 8(f)(1). That is, unlike the use of the Crosscheck information, Indiana election officials cannot rely on information from Crosscheck or the other state alone—there must be separate confirmation of the individual's signed voter registration application that specifically authorizes cancellation of previous registrations.

Plaintiffs also take issue with the addition of § 8(f)(2) in SEA 334, that "written notice" is broader than a voter registration form or direct contact with a registering voter. To support this assertion, Plaintiffs rely on, and misconstrue, Defendant King's testimony about what constitutes "written notice" as used in SEA § 8(f)(2) taken during a deposition roughly *two and a half years* ago, well before the

5

Indiana General Assembly enacted SEA 334. In this deposition, Plaintiffs questioned Defendant King about the types of written communications the State received from other states about a change in a voter's registration. *See* Dkt. 42-22 at 42:19–25. Plaintiffs also rely on sample notices provided by Representative Wesco, the House sponsor for SEA 334, which did not all contain direct communication with a registering voter. The House sponsor's interpretation of "written notice," the interpretation of a bill by a single legislator—even the sponsor—"are not controlling in analyzing legislative history." *Chrysler Corp. v. Brown*, 441 U.S. 281, 311 (1979).

Furthermore, Defendants' alleged lack of discussion in their memorandum of support their motion to dismiss about whether SEA 334 complies with the NVRA is nothing notable, as Plaintiffs suggest. First, while Defendants may not have explicitly stated "SEA 334 does not violate the NVRA," Defendants note how SEA 334 differs from SEA 442 by including a requirement that voting registration may be canceled only once the voter authorizes the cancellation of registration after having moved to another state, or notice is sent to the voter's Indiana address. (Common Cause Dkt. 181 at 4, NAACP Dkt. 135 at 4). Second, Plaintiffs never sought leave of this Court to amend their complaints to include their allegations about how SEA 334 violates the NVRA. Defendants' arguments in their motion to dismiss focused on the fact that the relief sought in Plaintiffs' complaints had been granted, mooting the case.

Plaintiffs argue they can merely move to amend their complaint to avoid any mootness problem. But, because SEA 334 is substantially different than SEA 442,

merely adding allegations in Plaintiffs' complaints will not avoid issues posed by adding new claims, such as the need for further discovery. Because SEA 334 ceases Indiana's participation in Crosscheck and is substantially different than SEA 442, this Court should dismiss this case.

## II. This Court should dismiss this action because there is no ongoing harm.

SEA 334 § 7 required that Indiana cease participation in Crosscheck. Plaintiffs provided no evidence that any voter in Indiana actually got removed from the voter rolls as a result of data shared through Crosscheck, and, seemingly recognizing this, Plaintiffs abandoned this specific request for relief by not pursing it in their motions for preliminary injunction. (Common Cause Dkt. 188, NAACP Dkt. 135 at 9).

Plaintiffs notably do not allege in their response in opposition to Defendants' motion to dismiss that any Indiana voters have been disenfranchised by an improper removal through use of data obtained through the Indiana Data Enhancement Association (IDEA), and do not allege in their response that the Defendants have even implemented IDEA yet. Plaintiffs raise no factual allegations that other states have begun participating in IDEA or sharing data. And on August 5, 2020, the State will be prohibited from systematic voter removal from official lists of eligible voters until after the general election, as 52 U.S.C. § 50207(c)(2)(1) prohibits such activity later than 90 days before a general election.

Plaintiffs, who are now raising a new claim that SEA 334 violates the NVRA, must allege some specific facts to support their legal claims. *See Lavalais v. Village*

7

*of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013). Because Plaintiffs raise a new claim challenging a statute that is substantially different than the statute challenged in their Complaints, and because this Court cannot provide any relief to Plaintiffs that SEA 334 did not already provide, this Court should dismiss this case for being moot.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' Motion to Dismiss.

                                                   Respectfully submitted,

                                                   OFFICE OF THE INDIANA ATTORNEY GENERAL

Date: July 22, 2020              By: Jefferson S. Garn
                                                   Attorney No. 29921-49
                                                   Section Chief, Administrative & Regulatory
                                                   Enforcement Litigation

                                                   Courtney L. Abshire
                                                   Attorney No. 35800-49
                                                   Deputy Attorney General

                                                   Parvinder K. Nijjar
                                                   Deputy Attorney General
                                                   Attorney No. 33811-41

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
Phone: (317) 234-7119
Email: Jefferson.Garn@atg.in.gov