UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP) and LEAGUE OF WOMEN VOTERS OF INDIANA, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 1:17-cv-02897-TWP-MPB ) |
| CONNIE LAWSON, in her official capacity as Secretary of State of Indiana, J. BRADLEY KING, in his official capacity as Co-Director of the Indiana Election Division, ANGELA NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division, et al., | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | |

**DEFENDANTS' PROPOSED FINDINGS
OF FACT AND CONCLUSIONS OF LAW**

Defendants, by counsel, submit the following proposed findings of fact and

conclusions of law be used in the bench trial of this case:

**FINDINGS OF FACT**

1.    The Indiana Data Exchange Administration (IDEA) created by Senate

Enrolled Act (SEA) 334 has not yet been implemented.

2.    No states have joined IDEA as members.

3.    No voter registration data have been exchanged using IDEA.

4.    IDEA will not be implemented before the November 3, 2020 general election.

5.    The Co-Directors of the Indiana Election Division have not yet issued business rules addressing the provisions of SEA 334.

6.    The Co-Directors of the Indiana Election Division have not yet updated the Indiana Voter Registration Guidebook or the Indiana Election Administration Manual to reflect SEA 334's provisions.

7.    Upon directly receiving information from another state regarding a voter's registration, a county voter registration official must receive a signed copy of the voter's registration form authorizing cancellation of prior registrations before the county official may remove the voter from the Indiana voter registration list.

8.    The Indiana Election Division must receive a signed copy of the voter's registration form authorizing cancellation of prior registrations before a member of the Indiana Election Division may notify the county official that a voter has authorized cancelling his or her Indiana voter registration.

9.    If a county voter registration official is notified of a potential voter registration change through information obtained through the IDEA program, and determines that a voter has not authorized cancellation of his or her prior registration, the county must send an address confirmation notice to the registrant's Indiana address.

**CONCLUSIONS OF LAW**

1.      Under the NVRA, a signed voter registration form that authorizes cancellation of their prior registrations constitutes confirmation in writing that the registrant has changed their residence to another state or wishes to cancel their prior registration in compliance with 52 U.S.C. § 20507(d). *See also Common Cause Indiana v. Lawson*, 937 F.3d 944, 959 (7th Cir. 2019).

2.      Because the NVRA only contemplates that a state must have a confirmation in writing that the registrant has changed their residence to another state or wishes to cancel their prior registration, *see* 52 U.S.C. § 20507(d), the NVRA does not prohibit a state NVRA official who possesses such confirmation in writing from notifying a county voter registration official that a voter has authorized cancellation of their Indiana voter registration.

3.      In light of SEA 334 § 8(f)(1), which provides that

> [i]f this [written] information is provided directly from the other state to the Indiana county voter registration official, the out-of-state voter registration official must provide a copy of the voter's signed voter registration application which indicates the individual authorizes cancellation of the individual's previous registration

then under the principles of statutory construction, "written notice" from another state as used in the following subsection (SEA 334 § f(2)) necessarily includes a copy of the voter's signed voter registration application that authorizes cancellation of the individual's previous registration.

4.      Accordingly, SEA 334 does not violate the NVRA because SEA 334 requires that the State possess written confirmation from a voter before a county

3

voter registration official may remove the voter from the State's voter registration list.

     5.    Furthermore, SEA 334 reintroduces the address confirmation requirement that this Court previously stated complies with the NVRA's notice-and-waiting requirement. *Common Cause Indiana v. Lawson*, 326 F. Supp. 646, 654 (S.D. Ind. 2018). Accordingly, SEA 334 does not violate NVRA's notice-and-waiting requirement set forth in 52 U.S.C. § 20507(d).

                    Respectfully submitted,

                    OFFICE OF THE INDIANA ATTORNEY GENERAL

                    By:    Jefferson S. Garn
                             Section Chief
                             Administrative & Regulatory
                             Enforcement Litigation

Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 234-7019
Fax: (317) 232-7979
Jefferson.Garn@atg.in.gov